**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 96-4304**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

CRAIG JOE CRAWFORD,

Defendant - Appellant.

---

Appeal from the United States District Court for the Southern District of West Virginia, at Huntington. Joseph Robert Goodwin, District Judge. (CR-95-194)

---

Submitted: September 5, 1996      Decided: September 17, 1996

---

Before WIDENER and WILKINS, Circuit Judges, and PHILLIPS, Senior Circuit Judge.

---

Affirmed by unpublished per curiam opinion.

---

Lawrence J. Lewis, FLESHER & LEWIS, Huntington, West Virginia, for Appellant. Rebecca A. Betts, United States Attorney, Sharon M. Frazier, Assistant United States Attorney, Huntington, West Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Craig Joe Crawford appeals his conviction and sentence on a guilty plea on a charge of knowingly and intentionally distributing a quantity of cocaine base, in violation of 21 U.S.C. § 841(a)(1) (1988). Crawford's attorney has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), appealing the extent of the sentencing court's downward departure from the Sentencing Guidelines, but concluding that there are no meritorious grounds for appeal. Crawford was notified of his right to file an additional brief, but failed to do so.

In accordance with the requirements of Anders, we have examined the entire record and find no meritorious issues for appeal. We find that Crawford's guideline range was properly calculated pursuant to the United States Sentencing Commission, Guidelines Manual. As such, the district judge's imposition of a sentence within that range does not state an appealable question under 18 U.S.C.A. § 3742 (West 1985 & Supp. 1996). See United States v. Porter, 909 F.2d 789, 794 (4th Cir. 1990). Nor is the extent of the district judge's downward departure from the guidelines appealable. See United States v. Hill, 70 F.3d 321, 323 (4th Cir. 1995).

We deny without prejudice counsel's motion to withdraw at this stage of the proceedings. This Court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition

would be frivolous, then counsel may move in this Court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED