**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.

No. 96-4316

EVA MARIE ST. GERMAIN, a/k/a Eve
Speir,
Defendant-Appellant.

Appeal from the United States District Court
for the Western District of North Carolina, at Charlotte.
Robert D. Potter, Senior District Judge.
(CR-92-203-P)

Submitted: December 19, 1996

Decided: January 6, 1997

Before ERVIN and MOTZ, Circuit Judges, and BUTZNER,
Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Leslie Carter Rawls, Charlotte, North Carolina, for Appellant. Mark
T. Calloway, United States Attorney, H. Thomas Church, Assistant
United States Attorney, Charlotte, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Eva Marie St. Germain pled guilty to conspiracy to possess cocaine with intent to distribute, 21 U.S.C.A. § 846 (West Supp. 1996). The district court departed below the 10-year mandatory minimum sentence on the government's motion under USSG § 5K1.1,* and sentenced St. Germain to a term of 72 months. St. Germain's counsel has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), raising two issues but stating that, in her view, there are no meritorious grounds for appeal. St. Germain was notified of her right to file a pro se supplemental brief, but has not filed a brief.

St. Germain's counsel suggests that the district court erred in departing only to 72 months because some of her co-defendants, whom she describes as more culpable, received lower sentences. However, appellate review of the extent of a downward departure is not available to a defendant unless the departure resulted in a sentence imposed in violation of law or resulted from an incorrect application of the guidelines. United States v. Hill, 70 F.3d 321, 324 (4th Cir. 1995). We discern no basis for review of the extent of the departure in this case.

Counsel also suggests that St. Germain received ineffective assistance of counsel in connection with her guilty plea because her lawyer did not obtain a written plea agreement. This claim was raised in St. Germain's previous § 2255 motion and found to be without merit.

In accordance with Anders, we have examined the entire record in

_____

*United States Sentencing Commission, Guidelines Manual (Nov. 1992). St. Germain was sentenced in July 1993. Her attorney did not note an appeal. St. Germain's right to appeal was reinstated after she filed a 28 U.S.C. § 2255 (1994) motion the following year.

2

this case and find no meritorious issues for appeal. We therefore affirm the conviction and sentence. We deny counsel's motion to withdraw at this time. This court requires that counsel inform her client, in writing, of her right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client.

We dispense with oral argument because the facts and legal contentions are adequately presented in the record and briefs, and oral argument would not aid the decisional process.

AFFIRMED