**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                     No. 96-4024

UBALDO VINCENTE ORTIZ,
Defendant-Appellant.

Appeal from the United States District Court
for the Western District of North Carolina, at Asheville.
Lacy H. Thornburg, District Judge.
(CR-94-47)

Submitted: March 27, 1997

Decided: April 9, 1997

Before RUSSELL, LUTTIG, and MICHAEL, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Roger T. Smith, Asheville, North Carolina, for Appellant. Deborah
Ann Ausburn, Assistant United States Attorney, Asheville, North
Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Ubaldo Ortiz was convicted of conspiracy to possess with intent to distribute cocaine, 21 U.S.C. § 846 (1994), and was sentenced to ninety-six months in prison. Ortiz now appeals his conviction and sentence. His attorney has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), raising several issues but stating that in his opinion there exist no meritorious grounds for appeal. Ortiz has filed a pro se supplemental brief raising additional issues. After a thorough review of the record, we affirm.

In the Anders brief, counsel asserts that the district court erred when it denied Ortiz's motion to suppress evidence seized during a traffic stop in South Carolina. The record reveals that officers stopped Ortiz because he was speeding. During a conversation with the officer, Ortiz verbally consented to a search of his rental car. He also signed a consent to search form.

During the search, officers discovered $39,000 in cash secreted in the car's trunk and other evidence linking Ortiz to members of a cocaine conspiracy operating in North Carolina. Evidence at trial revealed that Ortiz acted as a "mule" for the organization, transporting cocaine to Asheville and returning to Florida with money to pay the suppliers. Ortiz made four or five such trips, transporting approximately one kilo of cocaine on each trip.

The temporary detention of a motorist upon probable cause to believe that he has violated the traffic laws does not violate the Fourth Amendment prohibition against unreasonable seizures. United States v. Whren, ___ U.S. ___, 64 U.S.L.W. 4409, 4413 (U.S. June 10, 1996) (No. 95-5841). As Ortiz was speeding, the stop in this case was justified.

Once an officer effectuates a routine traffic stop, the officer may request a driver's license and vehicle registration, run a computer check, and issue a citation. Further detention is beyond the scope of the stop and illegal unless the officer has a reasonable suspicion,

based on the totality of the circumstances, of a serious crime. United States v. Rusher, 966 F.2d 868, 876-77 (4th Cir. 1992). In this case, the officer's observations and conversation with Ortiz prior to issuance of the citation gave rise to a reasonable suspicion that criminal activity was afoot. Ortiz appeared to be in a hurry. He was from Miami, an established source of illegal drugs. He was driving south on Interstate 95, a known thoroughfare for drug dealers, one day after he had rented the car in Miami. Ortiz claimed to have been vacationing in North Carolina with his family, but the vacation had lasted, at best, one day.

Given these circumstances, the officer had reason to suspect that criminal activity was afoot. After giving Ortiz the speeding ticket, the officer was justified in inquiring whether Ortiz had anything illegal in the car. The officer's request to search the car was also appropriate, given his reasonable suspicion of criminal activity.

Ortiz verbally consented to the search, and he signed a consent to search form. "A defendant who voluntarily consents to a search waives his Fourth Amendment rights." United States v. Perrin, 45 F.3d 869, 875 (4th Cir. 1995). Ortiz argues that, because the officer did not speak in Spanish, his consent to the search was invalid. However, the officer testified that Ortiz had no difficulty conversing with him and never requested the officer to repeat anything that had been said. Nor did Ortiz, who has lived in this country for over twenty years, ever state that he did not understand what the officer was saying. We conclude that his consent to the search was valid.

Ortiz, through counsel, raises several issues concerning his sentence. He complains that his sentence was more severe than those of many of his codefendants. This, standing alone, is not a valid ground for departure under the guidelines. United States v. Ellis, 975 F.2d 1061, 1066 n.2 (4th Cir. 1992); United States v. Kant, 946 F.2d 267, 270 n.3 (4th Cir. 1991). Ortiz also contends that the district court should have granted him more than a three-level downward departure because of his serious health problems. As counsel acknowledges, however, appellate courts are without jurisdiction to consider a dissatisfied appellant's challenge to the extent of a downward departure. United States v. Hill, 70 F.3d 321, 324 (4th Cir. 1995). Finally, we find meritless the contention that Ortiz's sentence violates the Eighth

Amendment because, given his health, he may expire before his sentence does.

Ortiz raises several issues in his pro se brief. The issues concerning his sentence are duplicative of those raised by counsel. Ortiz also claims that his counsel was ineffective because he was not bilingual. As the record does not conclusively show that counsel was ineffective, this claim is not properly brought on direct appeal. United States v. Smith, 62 F.3d 641, 651 (4th Cir. 1995).

In accordance with Anders, we have examined the entire record in this case and find no reversible error. We therefore affirm the conviction and sentence. We deny the motion to withdraw as counsel and deny as moot the motion for appointment of new counsel. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client.

We dispense with oral argument because the facts and legal contentions are adequately presented in the record and briefs, and oral argument would not aid the decisional process.

AFFIRMED

4