**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
<u>Plaintiff-Appellee,</u>

v.                                                                        No. 95-5981

ANTONIO DEMETRIUS LEE,
<u>Defendant-Appellant.</u>

Appeal from the United States District Court
for the District of South Carolina, at Orangeburg.
Charles E. Simons, Jr., Senior District Judge.
(CR-95-64)

Submitted: May 15, 1997

Decided: June 2, 1997

Before RUSSELL, HALL, and HAMILTON, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

James M. Griffin, Columbia, South Carolina, for Appellant. J. Rene
Josey, United States Attorney, Sean Kittrell, Assistant United States
Attorney, Charleston, South Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

On appeal, Antonio Demetrius Lee's attorney has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), concluding that there are no meritorious grounds for appeal but raising one issue: whether the district court adequately departed downward from Lee's sentencing guideline range.[1] For the reasons that follow, we affirm.

Lee pled guilty to conspiracy to possess with intent to distribute cocaine base (crack) and to conspiracy to use and carry a firearm in relation to a drug trafficking crime. See 21 U.S.C. §§ 841(a)(1), 846 (1994); 18 U.S.C. §§ 924 (c), (n)[2] (1994). We do not address the question of whether the district court adequately departed downward because this Court generally lacks jurisdiction to review such a decision. See United States v. Hill, 70 F.3d 321, 324 (4th Cir. 1995) (an appellate court lacks jurisdiction to review the extent of a downward departure, except in circumstances in which the departure decision results in a sentence imposed in violation of law or resulted from an incorrect application of the guidelines). Upon the Government's motion, the sentencing court granted Lee a six-level reduction for substantial assistance that lowered Lee's offense level from thirty-five to twenty-nine and his sentencing range from 168-210 months to 87-108 months. Lee's resulting sentence of ninety-seven months imprisonment was neither an incorrect application of the guidelines nor a violation of law. Thus, we decline to consider whether the sentencing court adequately departed downward.

In his supplemental brief filed with this court, Lee alleges that the district court erred by sentencing him under the crack cocaine guidelines because the record only revealed he possessed cocaine base. The

---

[1] United States Sentencing Commission, Guidelines Manual (USSG) (Nov. 1995). Lee was sentenced in December 1995.

[2] The statute under which Lee was convicted, 18 U.S.C. § 924(n) (1994), is now codified as 18 U.S.C.A. § 924(o) (West Supp. 1997). See Pub. L. No. 104-294, § 603(r), Oct. 11, 1996, 110 Stat. 3505, redesignating former subsecs. (k) to (n) as (l) to (o), respectively.

2

record reveals, however, that Lee was indicted for and pled guilty to conspiracy to possess with intent to distribute "crack cocaine." Also, the Presentence Investigation Report ("PSR"), to which Lee made no objection and which the court adopted, contained information that Lee admitted to officers there was over one kilogram of "crack cocaine" located at his home. Lee's claim for the first time on appeal that the substance was not crack is simply without merit. Accordingly, we do not find that the district court committed plain error by sentencing Lee under the crack cocaine guidelines.[3] See United States v. Olano, 507 U.S. 725, 734 (1993) (claim raised for the first time on appeal cannot justify reversal "unless the error is clear under current law"). Further, to the extent Lee attacks his sentence for crack cocaine because of its greatly enhanced penalties over powder cocaine, this claim fails. See United States v. Burgos, 94 F.3d 849, 876-77 (4th Cir. 1996) (en banc) (court refused to reconsider equal protection attack on disparity of punishment between cocaine powder and cocaine base because Congress specifically rejected the Sentencing Commission's proposed amendment to reduce the disparity), cert. denied, 65 U.S.L.W. 3586 (U.S. Feb. 24, 1997); United States v. Fisher, 58 F.3d 96, 99-100 (4th Cir.), (rejecting litigant's equal protection argument with regard to the 100-to-1 sentencing ratio between crack and powder cocaine), cert. denied, ___ U.S. ___, 64 U.S.L.W. 3270 (U.S. Oct. 10, 1995) (No. 95-5923); United States v. D'Anjou, 16 F.3d 604, 612 (4th Cir. 1994) (holding that sentencing guidelines equating one unit of cocaine base with 100 units of cocaine powder did not violate equal protection based on racial disparity).

As required by Anders, we have independently reviewed the record and all pertinent documents. We have considered all possible issues presented, and we conclude that there are no nonfrivolous grounds for appeal. Because the record discloses no reversible error, we affirm Lee's sentences.

This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel

_____

**3** The sentencing guidelines specifically state that the Sentencing Commission used the term "cocaine base" to refer to "crack." USSG § 2D1.1(c), note (D).

3

believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

4