**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                          No. 97-4097

ALFREDO HEYWARD GADSDEN,
Defendant-Appellant.

Appeal from the United States District Court
for the District of South Carolina, at Charleston.
Patrick Michael Duffy, District Judge.
(CR-96-68)

Submitted: January 30, 1998

Decided: April 17, 1998

Before MURNAGHAN, WILKINS, and MOTZ, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Timothy Clay Kulp, RIESEN LAW OFFICES, North Charleston,
South Carolina, for Appellant. Matthew R. Hubbell, Assistant United
States Attorney, Charleston, South Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Alfredo Heyward Gadsden pled guilty to possession of cocaine with intent to distribute, see 21 U.S.C.§ 841(a)(1) (1994), and was sentenced to a term of thirty-six months imprisonment. Gadsden's attorney has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), raising one issue but stating that in his view there are no meritorious issues for appeal. Gadsden has been notified of his right to file a pro se supplemental brief, but has failed to do so. After a review of the record, we affirm.

Gadsden's guideline range was 46-57 months. Pursuant to U.S. Sentencing Guidelines Manual § 5C1.2 (1995) (the safety valve provision), he qualified for a sentence below the mandatory minimum of 60 months. The government moved for a downward departure based on Gadsden's cooperation and the district court granted it. In his Anders brief, Gadsden alleges that the extent of the district court's departure was insufficient, but acknowledges that the extent of a departure in his favor is not reviewable on appeal. See United States v. Hill, 70 F.3d 321, 324-25 (4th Cir. 1995).

In accordance with Anders, we have examined the entire record in this case and find no reversible error. We therefore affirm the conviction and sentence. We deny counsel's motion to withdraw at this time. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the record and briefs, and oral argument would not aid the decisional process.

AFFIRMED