**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Stephan Gary HILL, Defendant–
Appellant.**

No. 95–5431.

United States Court of Appeals,
Fourth Circuit.

Argued Sept. 29, 1995.

Decided Nov. 27, 1995.

**322**

**ARGUED:** Langdon Dwight Long, Assistant Federal Public Defender, Columbia, South Carolina, for Appellant. Dean Arthur Eichelberger, Assistant United States Attorney, Columbia, South Carolina, for Appellee. **ON BRIEF:** J. Preston Strom, Jr., United States Attorney, Columbia, South Carolina, for Appellee.

Before WILKINSON, WILLIAMS, and MOTZ, Circuit Judges.

Dismissed by published opinion. Judge WILLIAMS wrote the opinion, in which Judge WILKINSON and Judge MOTZ joined.

## OPINION

WILLIAMS, Circuit Judge:

In this appeal, we must decide whether we have jurisdiction to review Stephan Gary Hill's challenge to the extent of the district court's downward departure based on Hill's substantial assistance to the Government.

Hill pleaded guilty to possessing with intent to distribute 389 pounds of marijuana. On the Government's motion for a downward departure because of his substantial assistance, the court reduced Hill's base offense level by two levels and then sentenced him to forty-six months imprisonment.[1] Urging us to vacate his sentence, Hill surmises that the district court would have imposed a shorter sentence had it not erroneously considered the number of months remaining on an undischarged sentence that Hill was then serving for a related offense. In response, the Government aptly observes that Congress has limited our jurisdiction over sentencing appeals in 18 U.S.C. § 3742(a) (1994). Because Hill's appeal is based on his dissatisfaction with his sentence, rather than on an incorrect application of the Sentencing Guidelines or any other basis for appeal under § 3742(a), we lack jurisdiction to review the extent of the district court's downward departure and therefore dismiss the appeal.

### I.

In 1993, agents of the Federal Bureau of Investigation (FBI) discovered that Hill and several codefendants were buying large amounts of marijuana in Texas and transporting the drugs to South Carolina for resale. Subsequently, Hill pleaded guilty to conspiring to possess with intent to distribute marijuana and cocaine in the United States District Court for the Western District of Texas. Although the Texas court initially sentenced Hill to sixty months incarceration, it later reduced the term to forty-eight months on the Government's motion.[2]

Thereafter, in connection with the same conduct underlying the conviction in Texas, Hill was indicted in the United States District Court for the District of South Carolina for possessing with intent to distribute marijuana.[3] He pleaded guilty to that charge in February 1995. Thus, by the time the district court in South Carolina conducted its

---

1. United States Sentencing Commission, *Guidelines Manual,* § 5K1.1 (Nov.1994).

2. On the government's motion within one year following a sentencing order, a court may reduce the sentence to reflect the defendant's subse-

quent substantial assistance to the government. Fed.R.Crim.P. 35(b).

3. *See* 21 U.S.C. § 841(a)(1) (1994).

sentencing hearing in May 1995, Hill had served roughly seventeen months on his Texas sentence, leaving an undischarged term of thirty-one months.

At the sentencing hearing, the district court adopted the Presentence Report (PSR), which placed Hill's criminal history in Category I and his base offense level at twenty-six.[4] The district court concluded that Hill was entitled to a three-level reduction to an offense level of twenty-three because he accepted responsibility for his crime.[5] At that level, the applicable guideline range was forty-six to fifty-seven months imprisonment.[6]

The Government then moved for a downward departure under U.S.S.G. § 5K1.1 based on Hill's substantial assistance to prosecutors. The district court elected to depart downward by two levels, from twenty-three to twenty-one, after hearing an FBI agent testify about Hill's assistance in securing the convictions of two codefendants and possible indictments against two other suspects. The final offense level of twenty-one produced a guideline range of thirty-seven to forty-six months imprisonment. The court imposed the maximum sentence within that range, forty-six months.

The district court then credited Hill for the seventeen months he had served on his Texas sentence and imposed a twenty-nine month prison term to be served concurrently with the thirty-one months remaining on his reduced Texas sentence.[7] Thus, the resulting South Carolina sentence was forty-six months imprisonment. The district court purposely sentenced Hill to a term of imprisonment that would expire at approximately the same time as his Texas sentence.[8]

On appeal, Hill asks us to review the district court's decision to sentence him to forty-six months imprisonment, questioning both the district court's decision to depart downward by only two levels under § 5K1.1 for his substantial assistance and its decision to sentence him to the maximum term within the resulting guideline range. Recognizing a potential jurisdictional defect on appeal, Hill couches the basis for his appeal as an incorrect application of § 5K1.1 of the Sentencing Guidelines. According to Hill, the extent of a downward departure for substantial assistance under § 5K1.1 depends exclusively on "the nature, extent, and significance" of the defendant's assistance, which the court must examine "on an individual basis."[9] In Hill's view, the district court's focus on his undischarged Texas sentence precluded the court from applying § 5K1.1 properly. Before turning to that claim, we must determine whether we have jurisdiction to review Hill's appeal under 18 U.S.C. § 3742(a) (1994).

## II.

Under § 3742(a), we have jurisdiction to entertain Hill's appeal only if his sentence (1) was imposed in violation of law, (2) was imposed as a result of an incorrect application of the Sentencing Guidelines, (3) is greater than the sentence specified in the applicable guideline range, or (4) was imposed for an offense for which there is no sentencing guideline and is plainly unreasonable.[10] Consistent with Congress's intent,

---

4. U.S.S.G. §§ 2D1.1(c)(7) & 4A1.1.

5. U.S.S.G. § 3E1.1.

6. Because his offense involved more than 100 kilograms of marijuana, Hill might have faced a mandatory minimum sentence of 60 months under § 841(b)(1)(B). The district court, however, determined that Hill satisfied the criteria of a "safety-valve" provision that permits shorter sentences for first-time offenders. See 18 U.S.C. § 3553(f)(1)-(5) (1994); U.S.S.G. § 5C1.2. The district court, therefore, sentenced Hill under the Sentencing Guidelines without regard to the statutory minimum sentence.

7. U.S.S.G. § 5G1.3(b) & comment. (n.2).

8. Hill will complete the sentence challenged here approximately two months before he will complete the sentence for the conspiracy conviction. The district court agreed that if Hill's Texas sentence was further reduced, he could seek an additional reduction of his South Carolina sentence.

9. U.S.S.G. § 5K1.1, comment. (backg'd.); see Stinson v. United States, 508 U.S. 36, 113 S.Ct. 1913, 123 L.Ed.2d 598 (1993) (holding that Commentary accompanying Guidelines is binding).

10. 18 U.S.C. § 3742(a) (1994).

we interpret our jurisdiction under § 3742(a) narrowly.[11]

Given these exclusive avenues of appeal, we hold that, to the extent Hill challenges the sufficiency of the district court's downward departure because of his dissatisfaction with it, § 3742(a) simply does not authorize this appeal. Fidelity to precedent compels this conclusion. For instance, in *United States v. Pridgen*, we recently held that § 3742(a) forecloses appellate review of a district court's refusal, in response to the Government's Rule 35(b) motion, to depart downward or to reduce a sentence within the applicable guideline range.[12] Likewise, in *United States v. Bayerle*, we concluded that a defendant may not appeal the district court's refusal to depart downward based on his diminished capacity.[13]

■ Under § 3742(a), we also lack jurisdiction to review the *extent* of the district court's downward departure, except in instances in which the departure decision resulted in a sentence imposed in violation of law or resulted from an incorrect application of the Guidelines. Review of challenges to district court decisions regarding whether and to what extent to depart downward should be consistent:

> [G]ranting the defendant's request for review [of an extent of departure] would place us in the inconsistent position of being able to review the methodology and justifications for the degree of a downward departure, while leaving us unable to review a decision not to depart in the first instance. Thus, should we remand a

downward departure decision to the trial court, the sentencing judge could easily resolve the methodology problem by providing for no departure at all—a decision we would be unable to review, and one that would place a defendant ... in a worse position [than before his appeal].[14]

In dismissing Hill's appeal of the extent of the district court's downward departure, we join ten other courts of appeals that have denied review of challenges to the sufficiency of downward departures.[15] The fundamental flaw of such claims is that they contest the district court's exercise of its sentencing discretion, for which no right of appeal exists.[16]

■ Hill, however, attempts to evade the jurisdictional limitations of § 3742(a) by framing his appeal as a challenge to an incorrect application of the Sentencing Guidelines. He argues that the district court in South Carolina erroneously considered the prison term that the district court in Texas had imposed on Hill. In so doing, Hill claims the district court in South Carolina failed to evaluate properly the particular features of Hill's assistance to the Government, as § 5K1.1 required it to do in determining the extent to depart downward.

In support, Hill relies on two recent decisions of other circuits that vacated sentences because the district courts had articulated a "policy" or "practice" regarding the extent of downward departures, rather than investigating the defendants' assistance to the government on a case-by-case basis.[17] In *John-*

---

**11.** *See United States v. Porter*, 909 F.2d 789, 794 (4th Cir.1990) (finding that § 3742 "reflects Congress' measured judgment to allow only limited appellate review of sentences imposed under the guidelines").

**12.** 64 F.3d 147, 150 (4th Cir.1995).

**13.** 898 F.2d 28, 30–31 (4th Cir.) (recognizing that a defendant may appeal a district court's refusal to depart downward if the sentence was imposed in violation of law because the district court misconstrued its authority to depart), *cert. denied*, 498 U.S. 819, 111 S.Ct. 65, 112 L.Ed.2d 39 (1990).

**14.** *United States v. Hazel*, 928 F.2d 420, 424 (D.C.Cir.1991).

**15.** *See respectively, United States v. Pighetti*, 898 F.2d 3, 4 (1st Cir.1990); *United States v. Doe*, 996

F.2d 606, 607 (2d Cir.1993) (per curiam); *United States v. Parker*, 902 F.2d 221, 222 (3d Cir.1990); *United States v. Alvarez*, 51 F.3d 36, 39 (5th Cir.1995); *United States v. Gregory*, 932 F.2d 1167, 1168 (6th Cir.1991); *United States v. Gant*, 902 F.2d 570, 572–73 (7th Cir.1990); *United States v. Vizcarra–Angulo*, 904 F.2d 22, 23 (9th Cir.1990); *United States v. Bromberg*, 933 F.2d 895, 896 (10th Cir.1991); *United States v. Wright*, 895 F.2d 718, 719–22 (11th Cir.1990) (per curiam); *Hazel*, 928 F.2d at 423–24.

**16.** *See Bromberg*, 933 F.2d at 897.

**17.** *United States v. King*, 53 F.3d 589, 591 (3d Cir.1995); *United States v. Johnson*, 33 F.3d 8, 10 (5th Cir.1994).

*son*, the Fifth Circuit condemned the lower court's stated policy of accepting the Government's recommended departure level, because the district court has an independent duty to investigate each defendant's case.[18] Similarly, in *King*, the Third Circuit criticized a district court's practice of departing downward by three levels in substantial-assistance cases without conducting "an individualized qualitative examination of the incidents of the defendant's cooperation." [19] The district courts thus had applied § 5K1.1 incorrectly in sentencing Johnson and King, respectively, and § 3742(a) therefore afforded them a right to appeal the extent of the downward departures.

Without reaching the question decided in *Johnson* and *King*, we note the district court here *did* conduct an "individualized qualitative examination" of Hill's cooperation. It heard and credited an FBI agent's detailed testimony concerning the "truthful and verifiable" information that Hill provided. Because of Hill's "invaluable assistance," the court learned that prosecutors had obtained two convictions and were progressing toward indictments of two other suspects.

Not only did the district court properly consider Hill's assistance, its taking into account Hill's unexpired Texas sentence, which was imposed for a related offense, was not improper. Section 5G1.3(b) required that whatever the South Carolina sentence, it must "be imposed to run concurrently to the undischarged term." Moreover, concurrent sentencing under § 5G1.3(b) *protected* Hill "against having the length of his sentence multiplied by duplicative consideration of the same criminal conduct." [20]

### III.

We have concluded that Hill's sentence did not result from an incorrect application of the Sentencing Guidelines. Rather, his appeal boils down to his dissatisfaction with the extent of the district court's downward departure. Consequently, we cannot review the district court's decision to reduce Hill's offense level by two levels to twenty-one. Nor shall we question the propriety of Hill's forty-six month sentence. Having arrived at an appropriate guideline range, the district court had the discretion to sentence Hill to a term of imprisonment anywhere within that range, including the forty-six month maximum.[21]

*DISMISSED.*

---

18. *Johnson,* 33 F.3d at 10.

19. *King,* 53 F.3d at 591.

20. *Witte v. United States,* —— U.S. ——, ——, 115 S.Ct. 2199, 2209, 132 L.Ed.2d 351 (1995).

21. *United States v. Jones,* 18 F.3d 1145, 1151 (4th Cir.1994) (holding § 3742(a) does not authorize appellate review of a district court's underlying factfinding so long as the sentence imposed was within a properly calculated guideline range); *Porter,* 909 F.2d at 794.