**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                No. 95-5158

WILLIAM DAVID BISH,
Defendant-Appellant.

Appeal from the United States District Court
for the Northern District of West Virginia, at Elkins.
Frederick P. Stamp, Jr., Chief District Judge.
(CR-93-45)

Submitted: January 11, 1996

Decided: February 2, 1996

Before RUSSELL, HALL, and WILKINSON, Circuit Judges.

_____

Affirmed in part and dismissed in part by unpublished per curiam
opinion.

_____

**COUNSEL**

Stephen D. Herndon, Wheeling, West Virginia, for Appellant. William D. Wilmoth, United States Attorney, Rita R. Valdrini, Assistant
United States Attorney, Wheeling, West Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

William David Bish pled guilty to committing a violent crime (murder) in aid of racketeering, 18 U.S.C.A. § 1959 (West Supp. 1995), 18 U.S.C. § 2 (1988). He appeals his 300-month sentence, alleging that the district court clearly erred in finding that he was an organizer of the offense. United States Sentencing Commission, Guidelines Manual, § 3B1.1(c) (Nov. 1994). He also seeks to appeal the extent of the court's downward departure for substantial assistance. USSG § 5K1.1. We affirm in part and dismiss in part.

Bish was offered $3000 by his employer, Richard Huff, to kill Huff's former business partner, Kevin Powell, whom Huff expected would testify against him when he pled guilty to a federal arson charge. Bish recruited Daniel Wentz to help him commit the murder and introduced Wentz to Huff, who offered Wentz a job and money in return for his participation. Bish and Wentz then tried a cross-bow provided by Huff. When it proved impractical, Huff instructed them to trade it for a firearm. He provided the additional funds which proved necessary to acquire a shotgun and ammunition. After this, Bish and Wentz stalked Powell. Wentz was to do the shooting while Bish acted as lookout with a hand-held radio. Wentz recruited Jerry Forrester to drive his vehicle. As Powell left for work on May 21, 1993, Wentz shot and killed him. Bish did not witness the murder, but met the others immediately afterward and called Huff to inform him that Powell had been killed.

A two-level adjustment is appropriate if the defendant was an organizer, leader, manager, or supervisor in an offense involving fewer than five participants. More than one person may qualify as a leader or organizer; one of the factors to be considered is the recruitment of accomplices. USSG § 3B1.1(c), comment. (n.4). While Huff, Bish, and Wentz were all involved in the organization of the offense, Bish recruited Wentz, who did the actual killing. Because of this fact, we cannot say that the district court's determination that Bish was one of the organizers of the crime was clearly erroneous.

Bish contends that the district court's downward departure was insufficient because his twenty-five-year sentence was more severe

than Forrester's five-year sentence. We lack jurisdiction to review the extent of a downward departure unless the sentence is imposed in violation of law or results from an incorrect application of the guidelines. United States v. Hill, 70 F.3d 321, 324 (4th Cir. 1995). Neither circumstance appears in this case.

We therefore affirm the sentence imposed by the district court. We dismiss that portion of the appeal which challenges the district court's decision not to depart. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED IN PART, DISMISSED IN PART

3