**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.

No. 95-5647

MARCUS LAMONT SUMBLIN, a/k/a
Christopher Bryson, a/k/a T-90,
a/k/a T, a/k/a T-9,
Defendant-Appellant.

Appeal from the United States District Court
for the Western District of Virginia, at Roanoke.
Jackson L. Kiser, Chief District Judge.
(CR-94-137)

Submitted: June 20, 1996

Decided: July 17, 1996

Before HALL, WILKINS, and HAMILTON, Circuit Judges.

_____

Dismissed by unpublished per curiam opinion.

_____

**COUNSEL**

Jonathan M. Apgar, DAMICO & APGAR, Roanoke, Virginia, for
Appellant. Robert P. Crouch, Jr., United States Attorney, Ray B. Fitz-
gerald, Jr., Assistant United States Attorney, Charlottesville, Virginia,
for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Marcus Lamont Sumblin seeks to appeal the 100-month sentence he received after his guilty plea to possession of heroin with intent to distribute. 21 U.S.C.A. § 841 (West 1981 & Supp. 1996). He contends that the district court did not depart far enough below the guideline range of 151-188 months in recognition of his substantial assistance. United States Sentencing Commission, Guidelines Manual, § 5K1.1 (Nov. 1994). We dismiss the appeal.

An appeals court lacks jurisdiction to review a defendant's challenge to the extent of a downward departure unless the departure resulted in a sentence imposed in violation of law or resulted from an incorrect application of the guidelines. United States v. Hill, 70 F.3d 321, 322 (4th Cir. 1995). Sumblin alleges that the district court ignored or failed to understand his addiction to heroin, wrongly decided that he deliberately chose to use and distribute drugs, and punished him unjustly by a lesser departure than he had hoped to receive.

Sumblin had four prior drug convictions and a weapons conviction. At the sentencing hearing, in response to a question from the district court, Sumblin acknowledged that he had not used drugs for two years during his most recent confinement. He said he was not addicted when he got out of prison, but still had heroin on his mind because he had received no drug counseling and immediately resumed his old behavior. The district court commented that such conduct was not impressive, but gave Sumblin a "substantial reward" for his cooperation by departing 51 months below the guideline range.

Sumblin's sentence was not imposed in violation of law and did not result from an incorrect application of the sentencing guidelines. Like the appellant in Hill, he is simply dissatisfied with the extent of the departure.

2

We therefore dismiss the appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>DISMISSED</u>

3