**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 96-6887**

———————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

JOSEPH ANDREW SADLER,

Defendant - Appellant.

———————

Appeal from the United States District Court for the District of
South Carolina, at Greenville.  Henry M. Herlong, Jr., District
Judge.  (CR-93-160)

———————

Submitted:  February 28, 1997        Decided:  March 18, 1997

———————

Before HALL, LUTTIG, and WILLIAMS, Circuit Judges.

———————

Dismissed by unpublished per curiam opinion.

———————

C. Timothy Sullivan, Greenville, South Carolina, for Appellant.
J. Rene Josey, United States Attorney, David C. Stephens, Assistant
United States Attorney, Greenville, South Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Joseph Sadler appeals the district court's order granting the Government's motion for a under Federal Rule of Criminal Procedure 35(b) to reduce Sadler's sentence in light of his substantial assistance to the Government. Although the district court reduced Sadler's sentence from 400 months imprisonment to 380 months, Sadler contends that the reduction was insufficient. We dismiss Sadler's appeal for lack of jurisdiction.

Under 18 U.S.C.A. § 3742(a) (West 1985 & Supp. 1997),

we have jurisdiction to entertain [Sadler's] appeal only if his sentence (1) was imposed in violation of law, (2) was imposed as a result of an incorrect application of the Sentencing Guidelines, (3) is greater than the sentence specified in the applicable guideline range, or (4) was imposed for an offense for which there is no sentencing guideline and is plainly unreasonable.

United States v. Hill, 70 F.3d 321, 323 (4th Cir. 1995) (citing 18 U.S.C.A. § 3742(a)). Consistent with Congress's intent, jurisdiction under § 3742(a) is narrowly interpreted. See Hill, 70 F.3d at 323-24. After reviewing the district court's order, the parties' briefs, and the applicable law, we conclude that Sadler is unable to demonstrate any of these jurisdictional prerequisites and therefore we dismiss for lack of jurisdiction. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED

2