**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                    No. 96-4808

RANDOLPH AYERSMAN,
Defendant-Appellant.

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
M. J. Garbis, District Judge; Herbert N. Maletz,
Senior Judge, sitting by designation.
(CR-95-90-MJG)

Submitted: April 8, 1997

Decided: April 24, 1997

Before WIDENER, HALL, and MICHAEL, Circuit Judges.

_____

Dismissed by unpublished per curiam opinion.

_____

**COUNSEL**

Gregg L. Bernstein, MARTIN, JUNGHANS, SNYDER & BERN-
STEIN, P.A., Baltimore, Maryland, for Appellant. Lynne A. Bat-
taglia, United States Attorney, Richard C. Kay, Assistant United
States Attorney, Baltimore, Maryland, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Randolph Ayersman appeals the 60-month sentence he received
after he pled guilty to possession of marijuana with intent to
distrib-
ute, 21 U.S.C. § 841 (1994), and money laundering, 18 U.S.C. § 1957
(1994). He contends that the district court abused its discretion
in con-
sidering the nature of his offense and his culpability in
determining
the extent of a substantial assistance departure, USSG § 5K1.1,
p.s.[1]
Ayersman also argues that his assistance merited more than the
four-
level departure that the court determined was appropriate. Ayersman
has moved for summary disposition of his case and a remand for
resentencing. The government does not oppose the motion. We dis-
miss the appeal for lack of jurisdiction and deny the motion for
sum-
mary disposition as moot.

Randolph Ayersman moved to Maryland from California in 1971.
In 1985, he began a home construction business with his brother.
Also
in 1985, Ayersman began obtaining marijuana in California and
trans-
porting it to Maryland, where he distributed it to Dana Kleberg. In
1994, Ayersman's brother, Wilbur, delivered two loads of marijuana
(664 pounds) to Ayersman. On December 17, 1994, agents of the
Drug Enforcement Administration (DEA) executed search warrants at
Ayersman's home and at a farm he owned. Fourteen pounds of mari-
juana were seized from a freezer in the basement of his home. In
Feb-
ruary 1995, Ayersman began cooperating with the DEA. At the end
of March, he entered into an agreement to plead guilty to money
laun-
dering and possession of marijuana with intent to distribute on
December 17, 1994. Ayersman stipulated that he took delivery of
between 1000 and 3000 pounds of marijuana and that he used cash
proceeds of his marijuana business to pay part of the purchase
price
for his farm.

_____

[1] United States Sentencing Commission, <u>Guidelines Manual</u> (Nov.
1995).

During his cooperation with authorities, Ayersman provided information about his own offense. He also met with and recorded his meetings with Philip Manglitz, a developer who sold lots to Ayersman and accepted undisclosed cash from marijuana sales in part payment. He made calls to his suppliers in California and traveled to California to arrange marijuana purchases. As a result, Charles Maier and Oscar Lucio were prosecuted, as well as Robert Jerrell, a driver employed by Maier.

The government attorney recommended a four-level downward departure, the most it was permitted to recommend according to the United States Attorney's policy, but made clear that he believed Ayersman had rendered an unusual degree of assistance. Ayersman's attorney then asked for a departure of 20 levels, which would have resulted in a guideline range in Zone B of the Sentencing Table and authorized a sentence of probation with certain conditions. See USSG §§ 5A (Sentencing Table), 5B1.1(a). However, the district court decided that a four-level downward departure was appropriate, giving Ayersman a guideline range of 57-71 months. The court imposed a 60-month sentence.

Ayersman first asserts that the district court misapplied USSG § 5K1.1 by considering factors other than his assistance to determine the extent of the departure. He suggests that the court could consider only the factors listed in USSG § 5K1.1.[2] He argues that the court's consideration of the nature of his offense and his culpability constituted impermissible double-counting.

This court has held that the sentencing court's decision as to the extent of a departure in the defendant's favor is not reviewable, but an incorrect application of USSG § 5K1.1 is reviewable. See United

---

[2] The factors are: (1) the court's evaluation of the significance and usefulness of the defendant's assistance, taking into consideration the government's evaluation of the assistance rendered; (2) the truthfulness, completeness, and reliability of any information or testimony provided by the defendant; (3) the nature and extent of the defendant's assistance; (4) any injury suffered, or any danger or risk of injury to the defendant

or his family resulting from his assistance; (5) the timeliness of the
defendant's assistance.

3

States v. Hill, 70 F.3d 321, 324-25 (4th Cir. 1995). Section 5K1.1 states that the court shall determine an appropriate reduction for rea-
sons "that may include, but are not limited to," consideration of the
listed factors. See USSG § 5K1.1 (emphasis added). In Hill, we held that the district court could consider a factor unrelated to the defen-
dant's assistance (his unexpired sentence in another federal district)
in determining how far to depart. Hill, 70 F.3d at 324-25; see also United States v. Alvarez, 51 F.3d 36, 39-41 & n.5 (5th Cir. 1995) (fac-
tors unrelated to the defendant's substantial assistance may properly
limit extent of departure); United States v. Mariano, 983 F.2d 1150,
1156-57 (1st Cir. 1993) (same). The cases on which Ayersman relies deal with the proper bases for a decision to depart; they do not hold
that the district court is limited in what factors it may consider when
determining the extent of a departure.

Ayersman also contends that the extraordinary nature of his assis-
tance to the government warranted more than a four-level departure. Under Hill, he is not entitled to appellate review of the district court's
decision to depart by no more than four levels.

We therefore dismiss the appeal. The motion for summary disposi-
tion is denied as moot. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials
before the court and argument would not aid the decisional process.

DISMISSED

4