**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                    No. 97-4158

BERNARD CALVIN COLEMAN,
Defendant-Appellant.

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
Frederic N. Smalkin, District Judge.
(CR-96-178-S)

Submitted: January 6, 1998

Decided: January 22, 1998

Before HALL, WILLIAMS, and MICHAEL, Circuit Judges.

_____

Dismissed by unpublished per curiam opinion.

_____

**COUNSEL**

Charles Jerome Ware, Columbia, Maryland, for Appellant. Lynne A.
Battaglia, United States Attorney, James G. Warwick, Assistant
United States Attorney, Baltimore, Maryland, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Bernard Calvin Coleman pled guilty to conspiring to possess with intent to distribute and to distribute cocaine and crack cocaine in violation of 21 U.S.C.A. § 846 (West Supp. 1997), and to carrying a firearm during and in relation to a drug trafficking offense in violation of 18 U.S.C.A. § 924(c) (West Supp. 1997). The court sentenced Coleman to ninety-seven months imprisonment on the conspiracy count and a consecutive sixty-month term on the§ 924(c) count, to be followed by a five-year term of supervised release. Coleman appeals his sentence, contending that the district court violated his due process rights by failing to consider alternatives to incarceration and by failing to grant a greater downward departure from the guideline range given his rehabilitation potential and cooperation with the government. Because we lack jurisdiction to review the extent of the district court's downward departure, we dismiss Coleman's appeal.

At the sentencing hearing, the district court established a base offense level of thirty-six, see USSG § 2D1.1(c)(1),**1** on the conspiracy count and reduced it by three levels because Coleman accepted responsibility for his crime, see USSG § 3E1.1(a), (b)(2). The government then moved for a downward departure under USSG§ 5K1.1, p.s., based on Coleman's substantial assistance, and the district court elected to depart downward by three levels. The final offense level of thirty and criminal history category of I produced a guideline range of 97 to 121 months. The district court sentenced Coleman to the ninety-seven-month minimum.

Coleman claims on appeal that the district court should have departed further given his substantial assistance and potential for rehabilitation. While a defendant may appeal an upward departure under 18 U.S.C.A. § 3742(a)(3) (West Supp. 1997), the statute does not authorize a defendant to challenge the extent of a departure in his favor. See United States v. Hill, 70 F.3d 321, 323-24 (4th Cir. 1995) (holding that dissatisfaction with extent of downward departure does

_____

**1** U.S. SENTENCING G UIDELINES MANUAL (1995).

2

not provide basis for appeal unless sentence imposed in violation of law or as result of misapplication of sentencing guidelines). To the extent that Coleman attempts to evade the jurisdictional limitations of § 3742 by claiming that his sentence violates due process, we reject his claim. Coleman relies on 18 U.S.C. § 3582(a) (1994), and 28 U.S.C. § 994(k) (1994), as support for his contention that the district court impermissibly imposed incarceration to effectuate rehabilitation. Our reading of the sentencing transcript, however, does not suggest that the district court imposed a prison term to rehabilitate Coleman.

Accordingly, we dismiss the appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED

3