**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                    No. 97-4482

ANDRE SMITH,
Defendant-Appellant.

Appeal from the United States District Court
for the District of South Carolina, at Florence.
Cameron McGowan Currie, District Judge.
(CR-96-312)

Submitted: April 7, 1998

Decided: May 11, 1998

Before WIDENER, ERVIN, and MOTZ, Circuit Judges.

_____

Affirmed in part and dismissed in part by unpublished per curiam
opinion.

_____

**COUNSEL**

Brett A. Perry, ELEAZER & PERRY, L.L.P., Columbia, South Caro-
lina, for Appellant. J. Rene Josey, United States Attorney, Alfred W.
Bethea, Jr., Assistant United States Attorney, Florence, South Caro-
lina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Andre Smith appeals his sentence imposed after he pled guilty to being a felon in possession of a firearm in violation of 18 U.S.C.A. §§ 922(g)(1), 924(e) (West Supp. 1998). The district court sentenced Smith to 360 months imprisonment to be followed by a five-year term of supervised release.* Smith's attorney has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), challenging the extent of the sentencing court's downward departure from the sentencing guidelines and the length of the sentence because it was different from the sentence predicted by Smith's attorney and the government. Counsel concedes, however, that there are no meritorious grounds for appeal. Smith was notified of his right to file a pro se supplemental brief, but he failed to do so.

In accordance with the requirements of Anders , we have examined the entire record and find no meritorious issues for appeal. Smith was informed in the plea agreement and at the plea colloquy that any statements made by counsel or the government estimating the length of the sentence were not binding on the court, and Smith stated that he understood. We find that Smith's guideline range was properly calculated pursuant to the U.S. Sentencing Guidelines Manual (1995). As such, the district court's imposition of a sentence within that range does not state an appealable question under 18 U.S.C.A. § 3742 (West 1985 & Supp. 1998). See United States v. Porter , 909 F.2d 789, 794 (4th Cir. 1990). Nor is the extent of the district court's downward departure from the guidelines appealable. See United States v. Hill, 70 F.3d 321, 323 (4th Cir. 1995).

_____

*The district court sentenced Smith to 402 months imprisonment but awarded him 42 months credit for time served in state custody on a related case, for a total sentence of 360 months. The court also ordered the sentence to run concurrently with the state sentence on the related case.

Accordingly, we dismiss that portion of the appeal and affirm the conviction and sentence in all other respects. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED IN PART AND DISMISSED IN PART

3