**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                            No. 97-4509

RON SOWELL, a/k/a Mike,
Defendant-Appellant.

Appeal from the United States District Court
for the Western District of North Carolina, at Charlotte.
Richard L. Voorhees, Chief District Judge.
(CR-96-71-V)

Submitted: June 30, 1998

Decided: July 31, 1998

Before WILKINS, NIEMEYER, and LUTTIG, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Jesse J. Waldon, Jr., Matthews, North Carolina, for Appellant. Mark
T. Calloway, United States Attorney, Frank D. Whitney, Assistant
United States Attorney, Charlotte, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Ron Sowell pleaded guilty to conspiracy to possess with the intent to distribute and to distribute cocaine, in violation of 21 U.S.C. § 846 (1994); and possession with the intent to distribute cocaine, in violation of 21 U.S.C. § 841(a)(1) (1994). The district court sentenced Sowell to 131 months' imprisonment with five years of supervised release for each count to run concurrently, and a $100 assessment. Sowell appeals his sentence. Sowell's attorney has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), asserting that the district court denied Sowell due process and a fair sentence by considering only the recommendation of the Government and not the full range of factors dictated by U.S. Sentencing Guidelines Manual § 5K1.1 (1997).

Sowell became involved in a conspiracy to possess and distribute cocaine in 1986. In February 1996, Sowell was arrested and later indicted. Immediately following his arrest, Sowell began cooperating with the Government. At sentencing, the Government moved for a downward departure, which the district court granted. The district court departed from a calculated sentencing range of 262 to 327 months to 131 months.

A defendant may not appeal the extent of a downward departure when the resulting sentence is within the statutory limits and below the properly calculated sentencing guidelines range. See United States v. Hill, 70 F.3d 321, 323-24 (4th Cir. 1990). Moreover, when the sentencing court has departed in the defendant's favor, 18 U.S.C. § 3742 (1994) does not provide for an appeal from the sentence. Only the government may appeal a downward departure. See 18 U.S.C. § 3742(b). Therefore, we affirm Sowell's sentence.

In accordance with the requirement of Anders, we have examined the entire record in this case and find no meritorious issues for appeal. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may

move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3