UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.

No. 97-4236

CONSTANTINE ALEXANDER, a/k/a
Constantine Huditean, a/k/a Gus,
Defendant-Appellant.

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
Herbert N. Maletz, Senior Judge, sitting by designation.
(CR-96-95)

Submitted: September 29, 1998

Decided: October 29, 1998

Before WILLIAMS and HAMILTON, Circuit Judges, and
BUTZNER, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Richard M. Karceski, LAW OFFICES OF RICHARD M. KAR-
CESKI, Towson, Maryland, for Appellant. Lynne A. Battaglia,
United States Attorney, Gregory Welsh, Assistant United States
Attorney, Baltimore, Maryland, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Constantine Alexander appeals his sentence imposed after a jury conviction for conspiracy to possess with intent to distribute cocaine in violation of 21 U.S.C. § 846 (1994), and distribution of cocaine, in violation of 21 U.S.C. § 841(a) (1994). He was sentenced to sixty months imprisonment. For the following reasons, we affirm Alexander's sentence.

At sentencing, the district court noted that Alexander was subject to a mandatory minimum sentence of sixty months imprisonment because he was convicted of violating 21 U.S.C.§ 841(a) (1994), and more than 500 grams of cocaine were involved in his offense. See 21 U.S.C. 841(b)(1)(B) (West 1981 & Supp. 1998). Alexander's guideline range was 63 to 78 months based on a base offense level of 26 and a criminal history category of I. Alexander did not object to his base offense level.

Alexander moved for relief under the "safety valve" provision of U.S. Sentencing Guidelines Manual § 5C1.2 (1995). He also moved for a downward departure from his guideline range and/or mandatory minimum sentence because of his advanced age and infirm physical condition pursuant to U.S.S.G. §§ 5H1.1, 5H1.4, and he moved for a decrease in his offense level for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1.

A district court may depart below a statutory minimum sentence only if the Government requests a departure based on the defendant's substantial assistance to authorities, see 18 U.S.C.A. § 3553(e) (1994); U.S.S.G § 5K1.1, comment. (n.1); United States v. Patterson, 38 F.3d 139, 146 n.8 (4th Cir. 1994), or if the court finds that the defendant meets the criteria set forth in the "safety valve" provision, see 18 U.S.C.A. § 3553(f) (West Supp. 1998); U.S.S.G. § 5C1.2.

2

Because the Government did not move for a downward departure based upon Alexander's substantial assistance, and because the district court determined that the "safety valve" provision did not apply, the court possessed no authority to impose a sentence below the statutorily required mandatory minimum sentence of sixty months.

Although Alexander argues on appeal that he was entitled to a sentence below the statutory minimum under the "safety valve" provision of U.S.S.G. § 5C1.2, relief under that guideline would not benefit Alexander. Under U.S.S.G. § 5C1.2, the "safety valve" provision, a defendant convicted of violating 18 U.S.C. § 846 shall receive "a sentence in accordance with the applicable guidelines without regard to any statutory minimum sentence," if the defendant meets the criteria in 18 U.S.C.A. § 3553(f)(1)-(5) (West Supp. 1998). Here, even if Alexander meets the criteria in 18 U.S.C.A. § 3553(f)(1)-(5), the relief available, a sentence within his guideline range, would not benefit Alexander because his guideline range is above the applicable mandatory minimum sentence.

The bottom of Alexander's guideline range would have been lower than the mandatory minimum sentence if the district court had adjusted his base offense level for acceptance of responsibility under U.S.S.G. § 3E1.1. However, the court denied a downward adjustment on this basis because of Alexander's "continuing insistence of his absence of guilt with respect to other counts." Given that "the sentencing judge is in a unique position to evaluate a defendant's acceptance of responsibility[,] the determination of the sentencing judge is entitled to great deference on review." U.S.S.G.§ 3E1.1, comment. (n.5). This court therefore reviews the district court's determination regarding acceptance of responsibility for clear error. See United States v. Curtis, 934 F.2d 553, 557 (4th Cir. 1991) (citing United States v. Harris, 882 F.2d 902, 905 (4th Cir. 1989)).

The acceptance of responsibility adjustment is not intended to apply to a defendant who puts the government to its burden of proof at trial, is convicted, and only then admits guilt. See U.S.S.G. § 3E1.1 comment. (n.2). Conviction at trial, however, does not automatically preclude a defendant from consideration for such a reduction. See id. Alexander claims his is among the "rare situations," in which he demonstrated an acceptance of responsibility but exercised his right to a

3

trial. See id. The record reveals that even at sentencing Alexander admitted his guilt as to only one of the charged counts, but denied his guilt with respect to the others. Therefore, we do not find clear error in the district court's refusal to grant Alexander a downward adjustment for acceptance of responsibility.

We note that the district court did depart from Alexander's guideline range because of his age and infirmity. Although the district court initially refused to grant a downward departure based on his age and infirmity, the court subsequently stated:

> He has now unequivocally indicated that he is guilty with respect to the January 20th transaction. And because of that, I will permit -- and because of age and infirmity-- I will permit a downward departure of three months to the minimum statutory requirement of 60 months, rather than 63 months of the guidelines.

(J.A. 142-43). A defendant may not appeal the extent of a downward departure unless the departure decision resulted in a sentence imposed in violation of law or resulted from an incorrect application of the guidelines. See United States v. Hill, 70 F.3d 321, 324 (4th Cir. 1995). The district court did not incorrectly apply the guidelines by refusing to depart more than three months because Alexander was subject to a mandatory minimum sentence of sixty months. Also, Alexander's age and physical condition was not a basis for a departure from the mandatory minimum sentence. See 18 U.S.C.A.§ 3553(e)-(f).

Accordingly, we affirm Alexander's sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

4