**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                              No. 98-4273

DAVID STINNETT,
Defendant-Appellant.

Appeal from the United States District Court
for the Western District of North Carolina, at Charlotte.
 Graham C. Mullen, District Judge.
(CR-96-142-MU)

Submitted:  October 20, 1998

Decided: November 12, 1998

Before WIDENER, WILKINS, and WILLIAMS, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Randolph Marshall Lee, Charlotte, North Carolina, for Appellant.
Brian Lee Whisler, OFFICE OF THE UNITED STATES ATTOR-
NEY, Charlotte, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

David Stinnett appeals from the district court judgment sentencing him for conspiracy to possess with intent to distribute and to distribute marijuana in violation of 21 U.S.C. §§ 841(a)(1), 846 (1994). His attorney filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), addressing whether the district court erred in refusing to depart more than it did from the sentencing range prescribed in the United States Sentencing Guidelines Manual (1997). Counsel asserts that there are no meritorious grounds for appeal. Stinnett was informed of his right to file a pro se supplemental brief, which he failed to file. Because our review of the entire record reveals no reversible error, we affirm.

At sentencing the district court granted Stinnett a downward departure for substantial assistance in accordance with U.S.S.G. § 5K1.1 (1997) and 18 U.S.C. § 3553(e) (1994).* Stinnett does not contend that the district court erroneously refused to depart on any other basis, but merely claims that the district court should have further departed below the statutory minimum and applicable Guideline range. Because the district court understood its discretionary authority to depart, Stinnett is foreclosed from challenging the court's refusal to depart more than it did. See United States v. Hill, 70 F.3d 321, 324-25 (4th Cir. 1995) (holding defendant generally may not appeal extent of downward departure).

In accordance with Anders, we have examined the entire record in this case and find no reversible error. We therefore affirm Stinnett's sentence. This court requires that counsel inform his client in writing of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. See Local Rule 46(d). Counsel's motion must state that a copy thereof

_____

*The departure reduced Stinnett's sentencing range from fifty-seven to seventy-one months to thirty to thirty-seven months. The district court then sentenced Stinnett to thirty months imprisonment.

was served on the client. <u>See id.</u> We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court, and oral argument would not aid the decisional process.

<u>AFFIRMED</u>

3