UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                          No. 99-4270

JEFFREY WAYNE SIMMONS,
Defendant-Appellant.

Appeal from the United States District Court
for the Southern District of West Virginia, at Charleston.
Joseph Robert Goodwin, District Judge.
(CR-98-157)

Submitted: May 31, 2000

Decided:  June 28, 2000

Before LUTTIG, MICHAEL, and TRAXLER, Circuit Judges.

_____

Affirmed in part and dismissed in part by unpublished per curiam
opinion.

_____

**COUNSEL**

Patrick L. Cottrell, MITCHELL & MURRAY, Charleston, West Vir-
ginia, for Appellant. Rebecca A. Betts, United States Attorney, Bryant
J. Spann, Assistant United States Attorney, Charleston, West Vir-
ginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Jeffery Wayne Simmons appeals the sentence imposed on his guilty plea to conspiracy to commit money laundering. See 18 U.S.C. § 1956(h) (1994); 18 U.S.C. § 1957 (1994). Simmons was convicted for his role in a scheme to defraud a life insurance company out of millions of dollars by falsely representing he had sold group life insurance packages to particular companies, which in reality were non-existent. At sentencing, the district court departed downward by two Offense Levels on the Government's motion pursuant to USSG § 5K1.1 and sentenced Simmons to forty-three months in prison and $1,771,513.00 in restitution. On appeal, Simmons attempts to challenge the extent of the downward departure, the length of his sentence, and the amount of restitution. Simmons also contends that the district court erred in imposing as a condition of release a restriction on his ability to obtain lines of credit. Finding that we lack jurisdiction to consider the first two assignments of error, that Simmons waived his appellate rights with respect to the restitution order, and that the condition of release is appropriate under the Sentencing Guidelines, we dismiss in part and affirm in part.

As a threshold matter, this court lacks jurisdiction to review the extent of a downward departure in an appellant's favor unless the departure results in a sentence in violation of law or results from an incorrect application of the sentencing guidelines. See United States v. Hill, 70 F.3d 321, 324 (4th Cir. 1995); 18 U.S.C. § 3742(a) (1994). Neither exception applies here. Similarly, provided that the district court's sentence is within the properly calculated guideline range, we lack the jurisdiction to review the district court's judgment regarding the exact length of Simmons' term in prison. See United States v. Jones, 18 F.3d 1145, 1151 (4th Cir. 1994); United States v. Porter, 909 F.2d 789, 794 (4th Cir. 1990). Because we find no evidence that Simmons' waiver of appellate rights with respect to the restitution

2

order was anything less than knowing and intelligent, see United States v. Wessells, 936 F.2d 165, 167 (4th Cir. 1991), we dismiss his appeal as to that issue. Finally, we note that the condition of release to which Simmons objects is recommended by the Sentencing Guidelines. See USSG § 5B1.3(d)(2).

Accordingly, we dismiss Simmons' claims regarding the extent of the district court's downward departure, the length of his sentence, and the amount of restitution, and we affirm the condition of release imposed by the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED IN PART; DISMISSED IN PART

3