**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 03-4416**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

CRAIG CRISSMAN,

Defendant - Appellant.

---

Appeal from the United States District Court for the District of South Carolina, at Florence.  Terry L. Wooten, District Judge. (CR-02-336)

---

Submitted: April 29, 2004                     Decided:  May 4, 2004

---

Before LUTTIG, WILLIAMS, and SHEDD, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

M. Gregory McCollum, P.A., Myrtle Beach, South Carolina; Debra Yvonne Chapman, DEBRA CHAPMAN PA, Columbia, South Carolina, for Appellant.  James Strom Thurmond, Jr., United States Attorney, Columbia, South Carolina; Arthur Bradley Parham, OFFICE OF THE UNITED STATES ATTORNEY, Florence, South Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Craig Crissman pled guilty to armed robbery, 18 U.S.C. §§ 2113(a), (d), 2 (2000), and using and carrying a firearm during a crime of violence in violation of 18 U.S.C. §§ 924(c), 2 (2000).[*] Crissman was sentenced to a term of 101 months imprisonment consisting of forty months for the bank robbery and sixty-one months for the § 924(c) count. Counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), raising as potentially meritorious issues the extent of the district court's downward departure for substantial assistance and the court's decision to impose sentence at the high end of the resulting guideline range, but asserting that in her view there are no meritorious issues for appeal. Crissman has been informed of his right to file a pro se supplemental brief, but has not filed a brief. We affirm the conviction and sentence.

We find no merit in the issues raised in the Anders brief. We lack jurisdiction to review a defendant's appeal of the extent of a downward departure unless the departure decision resulted in a sentence imposed in violation of law or resulted from an incorrect application of the sentencing guidelines. United States v. Hill, 70 F.3d 321, 324-25 (4th Cir. 1995). Moreover, the district court's decision to impose sentence at a particular point

---

[*]The parties consented to entry of the plea before a magistrate judge. United States v. Osborne, 345 F.3d 281, 285 (4th Cir. 2003).

within a correctly calculated guideline range is generally not reviewable. <u>United States v. Pitts</u>, 176 F.3d 239, 248-49 (4th Cir. 1999).

Pursuant to <u>Anders</u>, this court has reviewed the record for reversible error and found none. We therefore affirm the conviction and sentence. This court requires that counsel inform her client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>