**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 04-4956**

———————

UNITED STATES OF AMERICA,

                                  Plaintiff - Appellee,

          versus

ALAN ANDREW SARVIS,

                                  Defendant - Appellant.

———————

Appeal from the United States District Court for the District of
Maryland, at Greenbelt.  Alexander Williams, Jr., District Judge.
(CR-02-3-AW)

———————

Submitted:  July 27, 2005          Decided:  August 9, 2005

———————

Before LUTTIG and KING, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

———————

Dismissed by unpublished per curiam opinion.

———————

Edward C. Sussman, Washington, D.C., for Appellant.  Allen F.
Loucks, United States Attorney, Patrick M. Pericak, Special
Assistant United States Attorney, Greenbelt, Maryland, for
Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Pursuant to a plea agreement, Alan Andrew Sarvis pled guilty to conspiracy to distribute and possess with intent to distribute controlled substances, in violation of 21 U.S.C. § 846 (2000). Under the terms of his plea agreement, Sarvis waived the right to appeal his conviction and sentence. He was sentenced on June 28, 2002, to 262 months' imprisonment. Based on Sarvis' substantial assistance, the Government moved for a four-level downward departure in Sarvis' sentence. After conducting a hearing pursuant to Fed. R. Crim. P. 35(b), the court resentenced Sarvis in October 2004 to 168 months' imprisonment. He now seeks to challenge his sentence under United States v. Booker, 125 S. Ct. 738 (2005).

Although the Government argues that Sarvis' appeal is barred by the waiver of his right to appeal in his plea agreement, we find that, in any event, Sarvis cannot assert a Booker claim in the context of an appeal from resentencing pursuant to Rule 35(b). A final judgment is one where the judgment of conviction has been rendered, the availability of appeal exhausted, and the time for petitioning the Supreme Court for certiorari has expired. Allen v. Hardy, 478 U.S. 255, 258 n.1 (1986). A later modification to a sentence does not affect the date on which the judgment of conviction became final. See United States v. Sanders, 247 F.3d 139, 143 (4th Cir. 2001). To the extent Sarvis seeks to revisit

his original sentence under <u>Booker</u>, his appeal is untimely. Sarvis' judgment became final upon the expiration of the ten-day period to appeal his sentence, i.e., July 8, 2002. Sarvis cannot now resurrect his direct appeal simply because the district court resentenced him pursuant to a Rule 35(b) proceeding.

Furthermore, it is well established that this court does not review a defendant's appeal of the extent of a downward departure unless the departure resulted in an illegal sentence or resulted from an incorrect application of the guidelines. <u>United States v. Hill</u>, 70 F.3d 321, 324 (4th Cir. 1995) (citing 18 U.S.C. § 3742(a) (2000)). Finding neither circumstance present, we dismiss this appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>DISMISSED</u>