**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 05-4606

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

DWAYNE SANTOS,

Defendant - Appellant.

Appeal from the United States District Court for the District of Maryland, at Baltimore.  Richard D. Bennett, District Judge.  (CR-04-30-RDB)

Submitted:  February 23, 2006        Decided:  February 28, 2006

Before WIDENER, NIEMEYER, and KING, Circuit Judges.

Affirmed by unpublished per curiam opinion.

James Wyda, Federal Public Defender, Greenbelt, Maryland, Jeffrey E. Risberg, Assistant Federal Public Defender, Baltimore, Maryland, for Appellant.  Rod J. Rosenstein, United States Attorney, Allen F. Loucks, Assistant United States Attorney, John Francis Purcell, Jr., OFFICE OF THE UNITED STATES ATTORNEY, Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Dwayne Santos pled guilty, pursuant to a written plea agreement, to possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c) (2000). Santos was sentenced following the Supreme Court's opinion in United States v. Booker, 543 U.S. 220, 125 S. Ct. 738 (2005). The district court applied the holding of Booker and sentenced Santos to 168 months imprisonment. Santos' attorney has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), in which he asserts that there are no meritorious issues for appeal but questions whether the district court abused its discretion in failing to impose a lesser sentence by increasing the extent of the downward departure granted on motion of the Government. Although advised of his right to file a supplemental pro se brief, Santos has not done so. We affirm.

After Booker, courts must calculate the appropriate Guideline range, consider the range in conjunction with other relevant factors under the Guidelines and 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2005), and impose a sentence. If a court imposes a sentence outside the Guideline range, the district court must state its reasons for doing so. United States v. Hughes, 401 F.3d 540, 546 (4th Cir. 2005). This remedial scheme applies to any sentence imposed under the mandatory Guidelines, regardless of whether the sentence violates the Sixth Amendment. Id. at 547

- 2 -

(citing Booker, 543 U.S. at ___, 125 S. Ct. at 769 (Breyer, J., opinion of the Court)). The sentence must be "within the statutorily prescribed range and . . . reasonable." Id. at 546-47 (citations omitted).

Here, the district court sentenced Santos below his properly calculated Guideline sentencing range. The court considered the factors in § 3553(a) and explained its reasons for imposing a sentence below the Guidelines range in deciding his sentence. We do not find under these circumstances that Santos' sentence was unreasonable. See United States v. Green, ___ F.3d ___, 2006 WL 267217 (4th Cir. Feb. 6, 2006) (discussing standards to determine whether sentence is reasonable); see also United States v. Hill, 70 F.3d 321, 324-25 (4th Cir. 1995) (a defendant's appeal of the extent of a downward departure is not reviewable unless the departure decision resulted in a sentence imposed in violation of law or resulted from an incorrect application of the guidelines).

In accordance with Anders, we have thoroughly reviewed the entire record and have found no meritorious issues for appeal. We therefore affirm. This court requires that counsel inform the client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court to withdraw

from representation.  Counsel's motion must state that a copy thereof was served on the client.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED
