**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 06-4605**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

JERRY PARKER FUTRELL,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  James C. Dever III, District Judge.  (7:04-cr-00055-D)

Submitted:  September 7, 2007        Decided:  October 5, 2007

Before MICHAEL and DUNCAN, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed in part; dismissed in part by unpublished per curiam opinion.

Mitchell G. Styers, BANZET, THOMPSON & STYERS, PLLC, Warrenton, North Carolina, for Appellant.  George E. B. Holding, United States Attorney, Anne M. Hayes, Banumathi Rangarajan, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jerry Parker Futrell pled guilty to possession with intent to distribute cocaine, in violation of 21 U.S.C. § 841(a)(1) (2000), and possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (2000). Futrell appeals his sentence, arguing the district court erred in sentencing him as an armed career criminal, in enhancing his sentence in violation of the Sixth Amendment, and in granting a downward departure less than what he and the Government requested. We affirm in part and dismiss in part.

Futrell's base offense level for the grouped offenses was 20, pursuant to U.S. Sentencing Guidelines Manual ("USSG") § 3D1.2(c) (2004). He received a four-level increase for use of a firearm in connection with another felony offense under USSG § 2K2.1(b)(6) and a two-level increase for obstruction of justice based on his failure to appear under USSG § 3C1.1. Because of his obstruction of justice and positive test for use of methamphetamines, the court denied Futrell an adjustment for acceptance of responsibility. Because Futrell was determined to be an armed career criminal under 18 U.S.C. § 924(e)(1) (2000), his total offense level was 34. His advisory guidelines range was calculated as 262 to 327 months imprisonment; however, because the statutory maximum was twenty years' imprisonment, the advisory

guidelines range was decreased to 240 months. 21 U.S.C. § 841(b)(1)(C) (2000).

The Government moved for a § 5K1.1 reduction of Futrell's sentence for substantial assistance. Futrell argued for a reduction to 71 months' imprisonment, and the Government argued for a thirty-five percent reduction from the 240 month guidelines range. The district court sentenced Futrell to 228 months of imprisonment.

Futrell first argues the district court erred in sentencing him as an armed career criminal. Futrell does not dispute the fact of the prior convictions used as predicate offenses in classifying him as an armed career criminal, but argues three of the prior convictions constituted only one offense. In considering whether the district court properly designated Futrell as an armed career criminal, this court reviews the district court's legal determinations de novo and its factual findings for clear error. United States v. Wardrick, 350 F.3d 446, 451 (4th Cir. 2003).

A person who violates § 922(g)(1) and has three prior convictions for violent felonies or serious drug offenses "committed on occasions different from one another" is an armed career criminal subject to enhanced penalties. 18 U.S.C. § 924(e)(1) (2000). In analyzing whether convictions are from separate and distinct criminal episodes, we consider, among other

things, whether the time between the crimes underlying the convictions allowed the defendant sufficient time "to make a conscious and knowing decision to engage in another drug sale." United States v. Letterlough, 63 F.3d 332, 337 (4th Cir. 1995). Separate acts of distribution that occur on different days or even at different times on the same day constitute separate criminal episodes. See id. at 334-37; see also United States v. Samuels, 970 F.2d 1312, 1315 (4th Cir. 1992).

Futrell was classified an armed career criminal under § 924(e) based on his prior North Carolina convictions for conspiracy to traffic cocaine in January 1988, in Duplin County; conspiracy to traffic cocaine on March 28, 1988, in Columbus County; and conspiracy to sell and deliver cocaine from April 10 to April 17, 1988, in New Hanover County; and his federal conviction for possession with intent to distribute 260 grams of marijuana in 1991. He argues the three North Carolina convictions constitute one criminal episode. However, as Futrell concedes, the offenses occurred in three different counties in North Carolina. Further, the intervals between the offenses allowed Futrell ample time to make conscious and knowing decisions to engage in the subsequent criminal acts. We find the district court did not err in determining Futrell's prior convictions were separate offenses, each countable as a predicate offense for purposes of classifying him an armed career criminal under § 924(e).

Futrell's argument that the district court erred in sentencing him as an armed career criminal based on facts not alleged in the indictment or found by a jury is foreclosed by United States v. Thompson, 421 F.3d 278, 282-83 (4th Cir. 2005), cert. denied, 126 S. Ct. 1463 (2006), in which we held that sentencing courts may rely on prior convictions to invoke the enhancement provided by § 924(e)(1), even if the prior convictions were not charged in the indictment or found by a jury, so long as no facts extraneous to the fact of conviction need be decided.

Next, Futrell challenges the district court's enhancements to his sentence for use of a firearm in connection with another felony and obstruction of justice, arguing the facts on which they were based were not admitted by him or found beyond a reasonable doubt. As the Government points out in its brief, it is undisputed that these claims are barred by the waiver of appellate rights contained in Futrell's plea agreement. See United States v. Blick, 408 F.3d 162, 168-69 (4th Cir. 2005)

Finally, Futrell seeks to contest the extent of the district court's downward departure based on his substantial assistance. We lack jurisdiction to review a defendant's challenge to the extent of a downward departure. See United States v. Hill, 70 F.3d 321, 324 (4th Cir. 1995). Therefore, we dismiss as to this claim.

Accordingly, we affirm Futrell's sentence and dismiss his claim seeking review of the extent of the downward departure imposed by the district court.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED IN PART;</u>
<u>DISMISSED IN PART</u>