**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.

FLOYD LAMBERT, a/k/a Floyd
Jenkins,
Defendant-Appellant.

No. 97-4211

Appeal from the United States District Court
for the District of South Carolina, at Charleston.
Patrick Michael Duffy, District Judge.
(CR-95-1059)

Submitted: April 30, 1998

Decided: June 26, 1998

Before LUTTIG and WILLIAMS, Circuit Judges, and
BUTZNER, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

John F. Martin, MARTIN LAW FIRM, Charleston, South Carolina,
for Appellant. Miller Williams Shealy, Jr., OFFICE OF THE
UNITED STATES ATTORNEY, Charleston, South Carolina, for
Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Floyd Lambert appeals the 105-month sentence imposed upon his conviction of one count of conspiracy to possess and distribute crack cocaine, 21 U.S.C. §§ 841, 846 (1994). Lambert's counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), addressing whether (1) Lambert's sentence was excessive; (2) Lambert was entitled to a greater departure for substantial assistance; (3) Lambert's sentence was impermissibly disparate from that of his codefendants; (4) the district court failed to make specific factual findings with respect to Lambert's role in the conspiracy; and (5) the district court committed clear error in holding Lambert accountable for 35-50 grams of crack cocaine. Lambert has filed a supplemental pro se brief raising two claims: (1) that the district court improperly added two points to his criminal history for committing the offense while on probation, and (2) that a prior conviction for simple assault and battery was improperly counted as assault and battery of a high aggravated nature. Because our review of the entire record reveals no reversible error, we affirm.

Lambert's counsel raises as a potential claim, first, that Lambert's sentence was excessive. However, because Lambert was sentenced within the applicable guideline range, this claim is not reviewable on appeal. See United States v. Porter, 909 F.2d 789, 794-95 (4th Cir. 1990) (holding that criminal defendant is precluded from seeking "review of a sentencing court's discretion in setting a sentence anywhere within a properly calculated sentencing range"); see also United States v. Jones, 18 F.3d 1145, 1151 (4th Cir. 1994) (challenge to sentence at top of guideline range not authorized by statute).

Next, Lambert's counsel challenges the extent of the district court's downward departure for substantial assistance, USSG§ 5K1.1.* We

_____

*U.S. Sentencing Guidelines Manual (1995).

2

lack jurisdiction to review the extent of a downward departure absent a showing that the sentence imposed was in violation of law or resulted from an incorrect application of the sentencing guidelines. See United States v. Hill, 70 F.3d 321, 324-25 (4th Cir. 1995). Lambert has not made such a showing. To the extent Lambert challenges the disparity between his sentence and that of his codefendants, disparity of sentences alone is not an abuse of discretion where, as here, the defendant's sentence falls within the applicable guideline range. See United States v. Allen, 24 F.3d 1180, 1188 (10th Cir. 1994) ("We reject claims of disparate sentences when they are based solely on a lesser sentence imposed on a codefendant, and the defendant's sentence falls within the applicable guideline range.").

Finally, Lambert's counsel claims that the district court failed to make specific factual findings regarding his role in the conspiracy and clearly erred in holding him accountable for 30 to 50 grams of crack cocaine. After considering Lambert's objections to the presentence report, the district court adopted the factual findings recommended in the presentence report, thereby adopting both the amount of drugs and the base offense level stipulated in Lambert's plea agreement. Accordingly, we find these claims to be without merit.

Lambert claims in his supplemental pro se brief that the district court improperly added two points to his criminal history for committing the offense while on probation, see USSG § 4A1.1(d), because, according to Lambert, he was not on probation at the time he committed the instant offense. Lambert was charged in the indictment with conspiring to possess and distribute crack cocaine "[f]rom on or about January 1, 1991, and continuing thereafter up to and including the date of this indictment [Feb. 15, 1996]." According to the presentence report, Lambert was placed on probation in November 1993. Therefore, the district court properly determined that Lambert committed the offense while on probation. See USSG§ 4A1.1(d) commentary, note 4 ("Two points are added if the defendant committed any part of the instant offense . . . while under any criminal justice sentence, including probation") (emphasis added).

Second, Lambert claims that the district court improperly counted a conviction for assault and battery that was later dismissed. The assault and battery charge was one of three counts that Lambert was

3

charged with in October 1993. That charge was dismissed but Lambert was convicted of the remaining charges and sentenced to one year imprisonment, suspended for one year with probation. Lambert subsequently violated probation and was sentenced to serve 90 days. Accordingly, he was properly assessed two additional points under USSG § 4A1.1(b) (providing for two-point assessment for each prior sentence of imprisonment of at least sixty days).

We have examined the entire record in this case in accordance with the requirements of Anders, and find no meritorious issues for appeal. The court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED