**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                              No. 98-4834

CLETUS EDIALE, a/k/a Mark Davies,
Defendant-Appellant.

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
Catherine C. Blake, District Judge.
(CR-98-196-CCB)

Submitted: June 22, 1999

Decided: November 2, 1999

Before WILKINS, NIEMEYER, and LUTTIG, Circuit Judges.

_____

Affirmed in part and dismissed in part by unpublished per curiam
opinion.

_____

**COUNSEL**

M. Gordon Tayback, Baltimore, Maryland; C. William Michaels, Bal-
timore, Maryland, for Appellant. Lynne A. Battaglia, United States
Attorney, Barbara S. Sale, Assistant United States Attorney, Balti-
more, Maryland, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Cletus Ediale, a Nigerian granted political asylum by the United States, appeals the criminal judgment convicting him of inducement of a person to travel in interstate commerce as part of a scheme to obtain money under false pretenses, in violation of 18 U.S.C. § 2314 (1994). Ediale assigns error to the district court's denial of his motion to suppress statements he made to FBI agents, alleges that sufficient evidence did not exist to support the counts of conviction, and that the district court erred in granting him a three-level downward departure instead of a four-level reduction for his minimal role in the offense. Finding no error, we affirm in part and dismiss in part.

Ediale contends that the district court erred in denying his motion to suppress statements he made to FBI agents based on the agents' failure to inform him that, upon his arrest, he had the right to contact the Nigerian Consul, as required by the Vienna Convention on Consular Relations, Apr. 24, 1963, art. 36, 21 U.S.T. 77, 101. The Vienna Convention requires an arresting government to inform a foreign national who has been arrested of his right to contact his consul. See id.

Assuming, without deciding, that Ediale has standing to raise this issue, we find that he is not entitled to relief. Neither party disputes that Ediale was not informed of his right to contact his consul. However, rights created by international treaties do not create rights equivalent to constitutional rights. See Murphy v. Netherland, 116 F.3d 97, 100 (4th Cir.), cert. denied, 118 S. Ct. 26 (1997). Ediale therefore must establish prejudice to prevail. See United States v. Lombera-Camorlinga, 170 F.3d 1241, 1244 (9th Cir. 1999) ("[T]he defendant in a criminal proceeding has the initial burden of producing evidence showing prejudice from the violation of the Convention."); cf. Breard v. Greene, 118 S. Ct. 1352, 1355 (1998); United States v. Ademaj,

2

170 F.3d 58, 67 (1st Cir. 1999); Waldron v. INS , 17 F.3d 511, 518-19 (2d Cir. 1993).

Ediale testified at the suppression hearing that he was unaware of his right to contact the Nigerian consulate. He said that if he had been made aware of the right, he would have availed himself of it. When asked what assistance the consular authorities could have extended to him, Ediale replied that he could have been advised of his rights under American law. Ediale concedes that the FBI agents advised him of his rights under Miranda v. Arizona, 38 U.S. 436 (1966), and that he signed a waiver stating that he understood those rights. Ediale does not demonstrate how assistance from the Nigerian Consulate would have affected the outcome of his trial. We therefore find that the district court did not err in rejecting this claim as a ground to suppress Ediale's statements.

Next, Ediale argues that the evidence was not sufficient to convict him of Counts Five and Six. We find the evidence to be sufficient to convict Ediale on these counts. See Glasser v. United States, 315 U.S. 60, 80 (1942).

Finally, Ediale argues that the district court abused its discretion in departing downward by three levels instead of four, on account of his minimal role in the offense. This court lacks jurisdiction under 18 U.S.C. § 3742(a) (1994) to review a district court's refusal to depart downward, see United States v. Bayerle, 898 F.2d 28, 30 (4th Cir. 1990), or "the extent of the district court's downward departure, except in instances in which the departure decision resulted in a sentence imposed in violation of law or resulted from an incorrect application of the Guidelines." United States v. Hill, 70 F.3d 321, 324 (4th Cir. 1995). Neither exception applies here.

We therefore affirm the criminal judgment and dismiss the portion of the appeal challenging the extent of the downward departure.

AFFIRMED IN PART; DISMISSED IN PART

3