**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

v.

EVODIO NUNEZ-NAVARRO, a/k/a Luis
Mondragon,

*Defendant-Appellant.*

No. 02-4154

Appeal from the United States District Court
for the Western District of North Carolina, at Statesville.
Richard L. Voorhees, District Judge.
(CR-01-20)

Submitted: December 19, 2002

Decided: January 8, 2003

Before MICHAEL, MOTZ, and KING, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

**COUNSEL**

James S. Weidner, Jr., LAW OFFICE OF JAMES S. WEIDNER, JR.,
Charlotte, North Carolina, for Appellant. Gretchen C.F. Shappert,
Assistant United States Attorney, Charlotte, North Carolina; Robert
Jack Higdon, Jr., OFFICE OF THE UNITED STATES ATTORNEY,
Raleigh, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

**OPINION**

PER CURIAM:

Evodio Nunez-Navarro pled guilty to Count 1 of his indictment, conspiracy to possess with intent to distribute five kilograms or more of cocaine in violation of 21 U.S.C. §§ 841, 846 (2000). The district court adopted the presentence report ("PSR") without objection and found that Nunez-Navarro had an offense level of 32 with a criminal history of III, yielding a sentencing range of 151 to 188 months. After granting the Government's departure motion, the court downwardly departed three levels, giving Nunez-Navarro an offense level of 28 and a sentencing range of 97 to 121 months. The court sentenced him to 110 months of imprisonment.

On appeal, counsel has filed a brief under *Anders v. California*, 386 U.S. 738 (1967), alleging that there are no meritorious claims on appeal but raising the issue of whether the sentencing court erred by not sentencing Nunez-Navarro to the minimum term of imprisonment under the Guideline range after granting the Government's motion for a downward departure. This claim fails as a defendant may not ordinarily appeal the extent of a downward departure, unless the departure decision resulted in a violation of law or resulted from an incorrect application of the guidelines. *United States v. Hill*, 70 F.3d 321, 324-25 (4th Cir. 1995).

We have examined the entire record in this case in accordance with the requirements of *Anders*, and find no meritorious issues for appeal.* Accordingly, we affirm the conviction and sentence. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that

---

*Despite being given notice and opportunity, Nunez-Navarro has failed to file a pro se supplemental brief.

such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*