UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
          *Plaintiff-Appellee,*

v.                                                          No. 02-4616

ANTHONY BRYANT,
          *Defendant-Appellant.*

Appeal from the United States District Court
for the Middle District of North Carolina, at Durham.
N. Carlton Tilley, Jr., Chief District Judge.
(CR-01-431)

Submitted: March 20, 2003

Decided: March 27, 2003

Before WILLIAMS and TRAXLER, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

## COUNSEL

William L. Osteen, Jr., ADAMS & OSTEEN, Greensboro, North Carolina, for Appellant. Anna Mills Wagoner, United States Attorney, Michael F. Joseph, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

## OPINION

PER CURIAM:

Anthony Bryant pled guilty to attempting to possess with intent to distribute three kilograms of cocaine, 21 U.S.C. § 841(a), (b)(1)(B) (2000), and was sentenced as a career offender to a term of 105 months imprisonment. *U.S. Sentencing Guidelines Manual* § 4B1.1 (2001). Bryant's attorney has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), addressing whether the district court correctly calculated the sentencing guideline range and the extent of its downward departure, but asserting that in his view there are no meritorious issues for appeal. Bryant has been informed of his right to file a pro se supplemental brief, but has not filed a brief. We affirm the conviction and sentence.

Bryant and two co-defendants were arrested as they attempted to buy three kilograms of cocaine from an undercover officer. Bryant was carrying two concealed firearms. Because he had three prior felony drug convictions, Bryant was classified as a career offender. At the sentencing hearing, the government moved for a downward departure under USSG § 5K1.1, p.s., because of Bryant's substantial assistance. The court departed below the guideline range of 188-235 months and imposed a sentence of 105 months.

We have reviewed the record and conclude that the district court correctly determined that Bryant was a career offender and properly calculated his guideline range. The extent of the departure in Bryant's favor is not appealable. *United States v. Hill*, 70 F.3d 321, 323-24 (4th Cir. 1995).

Pursuant to *Anders*, we have reviewed the record for reversible error and found none. We therefore affirm the conviction and sentence. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further

review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*