UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
                    *Plaintiff-Appellee,*

v.                                                    No. 02-4811

KENNETH O'BRIAN POWELL,
                    *Defendant-Appellant.*

Appeal from the United States District Court
for the Western District of North Carolina, at Charlotte.
Richard L. Voorhees, District Judge.
(CR-99-190)

Submitted: April 25, 2003

Decided: May 8, 2003

Before WILKINSON, WILLIAMS, and MICHAEL, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

### COUNSEL

Randolph M. Lee, Charlotte, North Carolina, for Appellant. Anne Magee Tompkins, Assistant United States Attorney, Charlotte, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Kenneth O'Brian Powell appeals the district court's judgment sentencing him to 240 months imprisonment and sixty months imprisonment, to run concurrently, for violations of 18 U.S.C. § 1201 (2000) and 18 U.S.C. § 2262 (2000), respectively. Powell's attorney has filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967). Although counsel states that there are no meritorious issues for appeal, he challenges the extent of the district court's downward departure from the sentencing guidelines. Neither the Government nor Powell filed a brief. In accordance with *Anders*, we have considered the brief and examined the entire record for meritorious issues.

On appeal, Powell's counsel argues that the extent of the district court's downward departure from the sentencing guidelines is inadequate. We do not have jurisdiction to review the extent of a district court's downward departure unless such departure results in a sentence that violates the law or is an incorrect application of the sentencing guidelines. *See United States v. Hill*, 70 F.3d 321, 324 (4th Cir. 1995). The district court reduced Powell's Criminal History Category from VI to V, thus placing him in a sentencing range of 235 to 293 months imprisonment. The statutory maximum penalty is life imprisonment pursuant to § 1201 and five years imprisonment pursuant to § 2262. Thus, Powell's concurrent sentences of 240 months and sixty months imprisonment do not exceed the statutory maximum penalties therefor, and they fall clearly within the low end of the applicable guideline range. Therefore, because his sentence is neither a violation of the law nor the result of an incorrect application of the guidelines, we do not have jurisdiction to review the extent of the district court's downward departure.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave

to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*