**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 02-4770**

———————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

JE DUKOBI BRADFORD,

Defendant - Appellant.

———————

Appeal from the United States District Court for the District of Maryland, at Greenbelt.  Deborah K. Chasanow, District Judge. (CR-01-524-DKC)

———————

Submitted:  July 10, 2003          Decided:  July 15, 2003

———————

Before WILKINSON, MOTZ, and TRAXLER, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

James Wyda, Federal Public Defender, Daniel W. Stiller, Assistant Federal Public Defender, Greenbelt, Maryland, for Appellant. Barbara Suzanne Skalla, Assistant United States Attorney, Greenbelt, Maryland, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Je Dukobi Bradford pled guilty to possession with intent to distribute 50 grams or more of crack cocaine and 500 grams or more of powder cocaine. In his plea agreement, he waived the right to appeal his sentence, except that he reserved the right to appeal from any upward or downward departures from the guideline range. At sentencing, the Government moved for a downward departure based on Bradford's substantial assistance and argued for a four offense-level reduction. The district court granted the motion, reduced Bradford's offense level by six, and imposed a 150-month term of imprisonment.

Bradford's attorney has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), raising the issue of whether the district court erred by not departing further, but asserting that, in his view, there are no meritorious issues for appeal. Bradford has been informed of his right to file a pro se supplemental brief, but he has not done so. A defendant may not appeal the extent of a downward departure unless the departure decision resulted in a sentence imposed in violation of law or resulted in an incorrect application of the sentencing guidelines. United States v. Hill, 70 F.3d 321, 324-25 (4th Cir. 1995). We discern no such error in the district court's departure in this case.

Pursuant to Anders, we have reviewed the record for reversible error and found none. We therefore affirm the conviction and

2

sentence. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. Thus, we deny counsel's motion to withdraw from representation. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may refile his motion for leave to withdraw. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument, because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED