**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 03-4814

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

STEVE BROADUS,

Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Spartanburg.  Margaret B. Seymour, District Judge.  (CR-01-887)

Submitted:  June 10, 2004      Decided:  June 16, 2004

Before WILLIAMS and TRAXLER, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

J. Bradley Bennett, SALVINI & BENNETT, L.L.C., Greenville, South Carolina, for Appellant.  Elizabeth Jean Howard, OFFICE OF THE UNITED STATES ATTORNEY, Greenville, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Steve Broadus pled guilty to conspiracy to possess with intent to distribute fifty grams or more of cocaine base and more than five kilograms of cocaine, in violation of 21 U.S.C. § 846 (2000). At sentencing, the court granted the Government's motion for a downward departure based on Broadus' substantial assistance and imposed an 80-month sentence. Broadus was subsequently resentenced after filing a 28 U.S.C. § 2255 (2000) motion based on ineffective assistance of counsel at sentencing. At resentencing, the Government again moved for a downward departure based on Broadus' substantial assistance. The district court granted the motion and reduced Broadus' offense level by four levels. Broadus received a 57-month sentence. Broadus' attorney has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), raising the issue of whether the district court erred by not departing further, but asserting that, in his view, there are no meritorious issues for appeal. Although informed of his right to file a pro se supplemental brief, Broadus has not done so. We affirm.

Broadus argues that the district court committed reversible error when it represented to him at the conclusion of the evidentiary hearing on his § 2255 motion that it would grant the Government's motion for a downward departure and reduce his base offense level by five levels if he agreed to withdraw his § 2255 motion. This assertion is belied by the record. Nothing in

the record reflects that the district court made any promises regarding the extent of its downward departure. Broadus further argues that the four-level reduction at resentencing was inconsistent with the five-level reduction the court applied at the initial sentencing. This assertion too is belied by the record as it clearly reflects that the court reduced Broadus' offense level by only four levels at the initial sentencing. In any event, a defendant may not appeal the extent of a downward departure unless the departure decision resulted in a sentence imposed in violation of law or resulted in an incorrect application of the sentencing guidelines. United States v. Hill, 70 F.3d 321, 324-25 (4th Cir. 1995). We discern no such error in the district court's departure in this case.

In accordance with Anders, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm Broadus' conviction and sentence. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the

materials before the court and argument would not aid in the decisional process.

AFFIRMED