**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 04-4951**

———————————

UNITED STATES OF AMERICA,

                                           Plaintiff - Appellee,

       versus

WISTER PATRICK GATES,

                                       Defendant - Appellant.

———————————

Appeal from the United States District Court for the District of South Carolina, at Greenville.  Henry M. Herlong, Jr., District Judge.  (CR-03-616)

———————————

Submitted:  September 30, 2005      Decided:  November 8, 2005

———————————

Before LUTTIG, MICHAEL, and DUNCAN, Circuit Judges.

———————————

Affirmed by unpublished per curiam opinion.

———————————

Margaret A. Chamberlain, CHAMBERLAIN LAW FIRM, Greenville, South Carolina, for Appellant.  James Strom Thurmond, Jr., United States Attorney, Columbia, South Carolina, Isaac L. Johnson, Jr., Greenville, South Carolina, for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Wister Patrick Gates pled guilty to conspiracy to distribute and to possess with intent to distribute fifty grams or more of cocaine base and cocaine, 21 U.S.C. § 846 (2000); possession with intent to distribute fifty grams or more of cocaine base and cocaine, 21 U.S.C. §§ 841(a)(1), (b)(1)(A), (b)(1)(C)(2000); using and carrying firearms in relation to a drug trafficking crime, 18 U.S.C. § 924(c)(1); and possession of a firearm by a convicted felon, 18 U.S.C. §§ 922(g), 924(a)(2) (2000). He was sentenced to 276 months of imprisonment. Gates' attorney has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), raising the issue of whether the district court imposed a reasonable sentence, but asserting that, in her view, there are no meritorious issues for appeal. Gates has filed a pro se supplemental brief.

On appeal, Gates argues that he should have received a shorter sentence. Our review of the record convinces us that the district court correctly determined the applicable sentencing range under the Federal Sentencing Guidelines. To the extent Gates asserts error in the district court's decision to sentence him to a particular term of imprisonment within the properly calculated Guidelines range, such an exercise of discretion by the district court is not reviewable. United States v. Porter, 909 F.2d 789, 794 (4th Cir. 1990). Furthermore, it is well established that this

court does not review the extent of a downward departure unless the departure resulted in an illegal sentence or resulted from an incorrect application of the Guidelines. <u>United States v. Hill</u>, 70 F.3d 321, 324 (4th Cir. 1995).

Pursuant to <u>Anders</u>, we have reviewed the record for reversible error and found none. We further find no merit to the arguments raised in Gates' pro se supplemental brief. We therefore affirm his convictions and sentence. This court requires that counsel inform her client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>