<u>**UNPUBLISHED**</u>

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 03-4917

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

ERIC HAMMONS ALLEN, JR.,

Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Florence.  Terry L. Wooten, District Judge. (CR-02-750)

Submitted:  October 28, 2005          Decided:  November 17, 2005

Before NIEMEYER and SHEDD, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Debra Y. Chapman, DEBRA CHAPMAN PA, Columbia, South Carolina, for Appellant.  Rose Mary Parham, Assistant United States Attorney, Florence, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Eric Hammons Allen, Jr., appeals from his conviction and 350-month sentence imposed after he pleaded guilty to two counts of using and carrying firearms during and in relation to, and possessing the firearms in the furtherance of, robbery, and aiding and abetting such, in violation of 18 U.S.C.A. §§ 2, 924(c) (West 2000 & Supp. 2005).  Allen's counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), raising as potential issues the district court's compliance with Fed. R. Crim. P. 11 in accepting Allen's guilty plea and the reasonableness of his sentence and extent of downward departure in light of United States v. Booker, 125 S. Ct. 738 (2005).

Allen did not move in the district court to withdraw his guilty plea, therefore his challenge to the adequacy of the Rule 11 hearing is reviewed for plain error.  United States v. Martinez, 277 F.3d 517, 525 (4th Cir. 2002) (holding that "plain error analysis is the proper standard for review of forfeited error in the Rule 11 context").  We have carefully reviewed the transcript of the Rule 11 hearing and find no plain error in the court's acceptance of Allen's guilty plea.

Counsel also raises as a potential issue the reasonableness of Allen's 350-month sentence and extent of downward departure in light of Booker.  It is clear from the record that Allen was sentenced under the mandatory application of the

Guidelines, rather than under the advisory application mandated by Booker. Accordingly, we conclude that review for "reasonableness" is inapplicable.

This court's limited ability to review a sentence is derived from 18 U.S.C. § 3742 (2000). United States v. Porter, 909 F.2d 789, 794 (4th Cir. 1990). A defendant may appeal a sentence that is imposed in violation of the law, is imposed as a result of the incorrect application of the Sentencing Guidelines, is greater than the sentence specified in the applicable Guidelines range, or is imposed for an offense without a Guidelines range and is plainly unreasonable. 18 U.S.C. § 3742. Thus, an appellant's challenge to the district court's exercise of discretion in setting a sentence within a properly calculated Guidelines range does not state an appealable question under 18 U.S.C. § 3742. Porter, 909 F.2d at 794. This court also lacks jurisdiction under § 3742(a) "to review the extent of the district court's downward departure, except in instances in which the departure decision resulted in a sentence imposed in violation of law or resulted from an incorrect application of the Guidelines." United States v. Hill, 70 F.3d 321, 324 (4th Cir. 1995).

Since this court lacks the authority to review a district court's decision to impose a sentence within a correctly calculated Guidelines range and lacks the authority to review the extent of a

downward departure, this issue lacks merit.  <u>Porter</u>, 909 F.2d at 794; <u>Hill</u>, 70 F.3d at 324.

In accordance with <u>Anders</u>, we have reviewed the entire record in this case and have found no meritorious issues for appeal.  We therefore affirm Allen's conviction and sentence.  We deny Allen's motion to appoint substitute counsel.  This court requires that counsel inform her client, in writing, of his right to petition the Supreme Court of the United States for further review.  If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on the client.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>