**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

—————————

**No. 07-4646**

—————————

UNITED STATES OF AMERICA,

          Plaintiff - Appellee,

    v.

DANIEL WILLIAM ALLMAN,

          Defendant - Appellant.

—————————

Appeal from the United States District Court for the Western District of North Carolina, at Asheville. Lacy H. Thornburg, District Judge. (1:06-cr-00165-LHT)

—————————

Submitted: April 3, 2008         Decided: April 14, 2008

—————————

Before WILKINSON, MOTZ, and TRAXLER, Circuit Judges.

—————————

Affirmed by unpublished per curiam opinion.

—————————

D. Baker McIntyre, III, Charlotte, North Carolina, for Appellant. Amy Elizabeth Ray, OFFICE OF THE UNITED STATES ATTORNEY, Asheville, North Carolina, for Appellee.

—————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

On August 7, 2006, the grand jury for the Western District of North Carolina returned a four count indictment against Daniel William Allman and seventeen co-conspirators. Count One charged Allman and his co-conspirators with conspiracy to possess with intent to distribute a quantity of methamphetamine, in violation of 21 U.S.C.A. §§ 841 and 846 (West 2000 & Supp. 2007). According to the indictment, the conspiracy involved at least 1.5 kilograms of a mixture or substance containing a detectable amount of methamphetamine. Count Two charged Allman and others with using a communication facility in committing or causing the acts alleged in Count One, in violation of 21 U.S.C.A. § 843(b) (West 2000). Finally, Count Three charged Allman with possession of a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C.A. § 924(c)(1) (West 2000 & Supp. 2007).

On October 4, 2006, Allman entered into a plea agreement with the Government. According to Allman's plea agreement, Allman agreed to plead guilty to Counts One and Three of the indictment. Allman's agreement also specified that "the amount of methamphetamine (mixture) that was known to or reasonably foreseeable by the defendant was at least 200 grams but less than 350 grams."

Allman appeared for sentencing on June 18, 2007. Prior to sentencing, the Government filed a motion pursuant to <u>U.S.</u>

Sentencing Guidelines Manual ("U.S.S.G.") § 5K1.1 and 18 U.S.C.A. § 3553(e) (West 2000 & Supp. 2007) for a three level reduction in Allman's total offense level as a result of his substantial assistance. After reducing Allman's offense level three points pursuant to U.S.S.G. § 3E1.1 and a further three points pursuant to the Government's motion, the district court sentenced Allman to fifty-one months' imprisonment on Count One in conformity with his advisory guidelines range and to a consecutive term of sixty-months' imprisonment on Count Three.

Allman timely noted his appeal and has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967).[1] On appeal, Allman questions: (1) whether his sentence was properly calculated and imposed; and (2) whether his prior counsel provided effective representation before the district court. For the reasons that follow, we affirm the judgment of the district court.

To the extent Allman argues on appeal that his sentence was unreasonable, his argument is without merit.[2] Following United States v. Booker, 543 U.S. 220 (2005), a district court must engage in a multi-step process at sentencing. First, it must calculate

---

[1]Allman was informed of his right to submit a pro se supplemental brief. He has elected not to do so.

[2]Additionally, to the extent Allman challenges the district court's three level downward departure pursuant to the Government's § 3553(e) motion, we lack jurisdiction to hear his appeal. See 18 U.S.C.A. § 3742; United States v. Hill, 70 F.3d 321, 324 (4th Cir. 1995).

the appropriate advisory guidelines range. It must then consider the resulting range in conjunction with the factors set forth in § 3553(a) and determine an appropriate sentence.

Appellate review of a district court's imposition of a sentence is for abuse of discretion. Gall v. United States, 128 S. Ct. 586, 597 (2007); see also United States v. Pauley, 511 F.3d 468, 473 (4th Cir. 2007). The appellate court must first ensure that the district court committed no procedural error, such as "failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence - including an explanation for any deviation from the Guideline range." Gall, 128 S. Ct. at 597.

If there are no procedural errors, the appellate court then considers the substantive reasonableness of the sentence. Id. "Substantive reasonableness review entails taking into account the totality of the circumstances, including the extent of any variance from the Guidelines range." Pauley, 511 F.3d at 473 (quotations and citation omitted). While the court may presume a sentence within the guidelines range to be reasonable, it may not presume a sentence outside the range to be unreasonable. Id. Moreover, it must give due deference to the district court's decision that the § 3553(a) factors justify imposing a variant sentence and to its

determination regarding the extent of any variance. Even if the reviewing court would have reached a different sentence result on its own, this fact alone is insufficient to justify reversal of the district court. Id. at 474.

Here, the record does not indicate the district court committed procedural error in imposing Allman's sentence. According to U.S.S.G. § 2D1.1(c)(6), the amount of methamphetamine reasonably foreseeable to Allman, as stipulated by the parties, results in a base offense level of 28. This level was then properly reduced three points pursuant to U.S.S.G. § 3E1.1, resulting in an adjusted offense level of 25. The court further reduced Allman's total offense level three additional points pursuant to the Government's § 3553(e) and § 5K1.1 motion. This offense level combined with Allman's Criminal History Score of III resulted in an advisory guideline range of 51-63 months' imprisonment. By virtue of the Government's § 3553(e) motion, the district court was free to sentence Allman below the statutory mandatory minimum sentence of five years. Therefore, Allman's sentence of 51 months was proper. Moreover, prior to imposing sentence, the district court gave Allman the opportunity to address the court, considered the advisory nature of the guidelines, and specifically stated it had considered the factors in § 3553(a). Accordingly, the district court did not commit procedural error in sentencing Allman.

Additionally, Allman's sentence was substantively reasonable. Allman received a fifty-one month sentence when a mandatory minimum sentence of twenty years could have been imposed. The district court reduced Allman's offense level six points and then selected a sentence at the very bottom of Allman's advisory guidelines range. This court may presume a sentence within the advisory guidelines range is reasonable, and there is nothing in the record to rebut that presumption in Allman's case. Rita v. United States, 127 S. Ct. 2456, 2459 (2007). Accordingly, Allman's sentence was reasonable.

Finally, Allman questions whether he received effective assistance of counsel in the district court. Ineffective assistance of counsel claims are not generally cognizable on direct appeal, unless it conclusively appears from the record that counsel did not provide effective representation. See United States v. Richardson, 195 F.3d 192, 198 (4th Cir. 1999); United States v. Gastiaburo, 16 F.3d 582, 590 (4th Cir. 1994). Because the record does not conclusively demonstrate that Allman's counsel was ineffective, we decline to consider this claim on direct appeal.

In accordance with Anders, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm the judgment of the district court. This court requires that counsel inform Allman, in writing, of the right to petition the Supreme Court of the United States for further review.

If Allman requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on Allman.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED