<u>**UNPUBLISHED**</u>

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-4245**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

OTIS RORIE, JR.,

        Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Asheville.  Lacy H. Thornburg, District Judge.  (1:07-cr-00033-LHT-1)

Submitted:  February 25, 2009      Decided:  March 24, 2009

Before NIEMEYER, TRAXLER, and KING, Circuit Judges.

Affirmed by unpublished by per curiam opinion.

Reita P. Pendry, Charlotte, North Carolina, for Appellant.  Amy Elizabeth Ray, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Otis Rorie, Jr., appeals the sentence imposed upon him after his guilty plea to one count of conspiracy to possess with intent to distribute fifty grams or more of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1), 846 (2006). Counsel filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal, but questioning whether the district court abused its discretion by not reducing Rorie's offense level by more than one level in its departure under U.S. Sentencing Guidelines Manual ("USSG") § 5K1.1 (2007). Rorie was notified of his right to file a supplemental pro se brief but has not done so. Finding no reversible error, we affirm.

Rorie's probation officer recommended an offense level of 34 in the presentence report. Prior to sentencing, the Government moved for a one level reduction in offense level under USSG § 5K1.1 in recognition of Rorie's substantial assistance. The district court granted the motion. With an offense level of 33 and a criminal history category of VI, Rorie's advisory guidelines range was 235 to 293 months in prison. The district court sentenced him to 235 months.

Rorie argues that the district court should have exercised its discretion to further reduce the offense level. However, mere dissatisfaction with the extent of a district

court's downward departure does not provide a basis for appeal under 18 U.S.C. § 3742 (2006). United States v. Hill, 70 F.3d 321, 324 (4th Cir. 1995). Even after the Supreme Court's ruling in United States v. Booker, 543 U.S. 220 (2005), we lack the authority to review a sentencing court's decision to depart "unless the court failed to understand its authority to do so." United States v. Brewer, 520 F.3d 367, 371 (4th Cir. 2008). As it is apparent from the record that the district court was aware of its authority to depart further, the district court's decision is not reviewable.

In accordance with Anders, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm Rorie's conviction and sentence. We deny Rorie's motion to appoint new counsel. This court requires that counsel inform Rorie, in writing, of the right to petition the Supreme Court of the United States for further review. If Rorie requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Rorie.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials

before the court and argument would not aid the decisional process.

AFFIRMED