**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 08-4732**

———————————

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

        v.

JAMIE R. SCOTT,

                Defendant - Appellant.

———————————

Appeal from the United States District Court for the District of
South Carolina, at Charleston.  David C. Norton, District Judge
(2:07-cr-00924-DCN-l1)

———————————

Submitted:  August 20, 2009          Decided:  August 28, 2009

———————————

Before WILKINSON, KING, and GREGORY, Circuit Judges.

———————————

Affirmed by unpublished per curiam opinion.

———————————

G. Wells Dickson, WELLS DICKSON, P.A., Charleston, South
Carolina, for Appellant.  Alston Calhoun Badger, Jr., Assistant
United States Attorney, Charleston, South Carolina, for
Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jamie R. Scott appeals his conviction and 132-month sentence for conspiracy to distribute five kilograms or more of cocaine and fifty grams or more of cocaine base, in violation of 21 U.S.C. § 846 (2006), and distribution of more than 500 grams of cocaine, in violation of 21 U.S.C.A. § 841 (West 2000 & Supp. 2009). In January 2008, Scott entered into a plea agreement regarding both counts, in which he agreed to cooperate with the Government in exchange for a motion for downward departure pursuant to U.S. Sentencing Guidelines Manual ("USSG") § 5K1.1 (2007). He stipulated that he was subject to a mandatory minimum term of twenty years' imprisonment, pursuant to 21 U.S.C. § 851 (2006), because he had a prior felony drug conviction. Scott did not object to the sentencing recommendations in the Presentence Investigation Report, and the district court granted the Government's motion for downward departure at his sentencing hearing.

Scott's counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that in his view, there are no meritorious issues for appeal. Counsel, however, asks this court to review whether Scott waived his objections to the indictment by pleading guilty, whether the court may review the extent of the downward departure Scott received, whether the district court erred in sentencing him as

2

a career offender, and whether the court erred in imposing a more severe sentence than the sentences given to Scott's co-defendants. Scott has filed a pro se supplemental brief in which he argues that he was not adequately advised regarding his sentence before pleading guilty, he should have received a lesser sentence because he provided substantial assistance, he was held accountable for a higher amount of drugs than he was actually responsible for, he was sentenced too harshly in relation to his co-defendants, and he was improperly charged with distribution of cocaine as well as conspiracy.

## I.

A counseled guilty plea waives all antecedent nonjurisdictional defects not logically inconsistent with the establishment of guilt, unless the petitioner can show that his plea was not voluntary and intelligent because the advice of counsel "was not within the range of competence demanded of attorneys in criminal cases." Tollett v. Henderson, 411 U.S. 258, 266-67 (1973) (internal quotations and citation omitted). Here, the district court conducted an adequate Fed. R. Crim. P. 11 hearing and Scott entered a voluntary and intelligent guilty plea, despite his contention that he expected to receive a greater downward departure for substantial assistance. Scott indicated at the hearing that he understood how the guidelines

3

and statutory mandatory minimums might affect his sentence and that he waived his right to appeal his sentence if it was higher than he expected. Accordingly, his guilty plea waived any objections he might have made to the indictment.

## II.

Because Scott did not raise the sentencing assertions he makes on appeal as objections, we review them for plain error. See United States v. Olano, 507 U.S. 725, 731-32 (1993). To establish plain error, Scott is required to show that an error occurred, that it was plain, and that it affected his substantial rights. See id. at 732. Mere dissatisfaction with the extent of a district court's downward departure does not provide a basis for appeal under 18 U.S.C. § 3742 (2006). United States v. Hill, 70 F.3d 321, 324 (4th Cir. 1995). Even after the Supreme Court's decision in United States v. Booker, 543 U.S. 220 (2005), we lack the authority to review a sentencing court's decision to depart "unless the court failed to understand its authority to do so." United States v. Brewer, 520 F.3d 367, 371 (4th Cir. 2008). Because the record demonstrates that the district court understood its authority to depart, Scott's claim that he received an inadequate downward departure lacks merit.

III.

Because Scott stipulated in his plea agreement that he was subject to a mandatory minimum term of twenty years' imprisonment pursuant to 21 U.S.C. § 851, on account of his prior federal felony drug conviction, his claim that he was erroneously sentenced under that provision also lacks merit.

IV.

Scott did not raise the treatment of his co-defendants as an objection at his sentencing hearing, and there is no plain error in any disparity between the sentences of Scott and his co-defendants. In particular, as the district court noted, Scott had recently been released from federal prison for a previous drug trafficking offense when he was arrested and charged in this case, a consideration that weighed heavily when the district court was fashioning its sentence.

V.

In accordance with Anders, we have reviewed the record in this case, affording particular attention to the claims raised by Scott in his pro se supplemental brief, and have found no meritorious issues for appeal. We therefore affirm Scott's conviction and sentence. This court requires that counsel inform Scott, in writing, of the right to petition the Supreme

Court of the United States for further review. If Scott requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Scott.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED