**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-4727**

UNITED STATES OF AMERICA,

                    Plaintiff - Appellee,

          and

ROY NELSON PATTON, SR.; JOHN WILSON PATTON; BARBARA ANN
PATTON LEONARD,

                    Claimants,

          v.

JANELLE DYANNE PEARSON,

                    Defendant - Appellant.

Appeal from the United States District Court for the Western
District of North Carolina, at Asheville.   Lacy H. Thornburg,
District Judge.  (1:08-cr-00128-MR-DLH-11)

Submitted:  October 7, 2010          Decided:  November 3, 2010

Before MOTZ, SHEDD, and DUNCAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Chiege O. Kalu Okwara, Charlotte, North Carolina, for Appellant.
Thomas Richard Ascik, Amy Elizabeth Ray, Assistant United States
Attorneys, Jill Westmoreland Rose, OFFICE OF THE UNITED STATES
ATTORNEY, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Janelle Dyanne Pearson timely appeals the 108-month sentence imposed following her guilty plea to conspiracy to possess with intent to distribute cocaine base, in violation of 21 U.S.C. §§ 841(a)(1), 846 (2006). On appeal, counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), asserting that there are no meritorious grounds for appeal but questioning whether: (1) the district court had jurisdiction to accept Pearson's guilty plea and impose sentence; (2) Pearson's guilty plea was knowing and voluntary; and (3) the district court erred in failing to sentence Pearson to less than 108 months' imprisonment. Pearson has not filed a pro se brief, though she was advised of her right to do so. Finding no reversible error, we affirm.

Counsel's first two arguments essentially go to the adequacy of the Federal Rule of Criminal Procedure 11 ("Rule 11") hearing, questioning whether there was an adequate factual basis for accepting Pearson's guilty plea and whether Pearson's plea was knowing and voluntary. Prior to accepting a defendant's guilty plea, a magistrate judge or the district court must address the defendant in open court and ensure she understands, among other things, the nature of the charge against her, the possible punishments she faces, and the rights she relinquishes by pleading guilty. Fed. R. Crim. P. 11(b)(1).

3

The court also must ensure that a sufficient factual basis exists to support the plea, Fed. R. Crim. P. 11(b)(3), and that the plea is knowing and voluntary, Fed. R. Crim. P. 11(b)(2).

Because Pearson did not move to withdraw her guilty plea in the district court or raise any objections to the Rule 11 colloquy, we review for plain error. United States v. General, 278 F.3d 389, 393 (4th Cir. 2002); United States v. Martinez, 277 F.3d 517, 524-27 (4th Cir. 2002). Upon review, we conclude that the district court did not err in accepting the offense conduct presented in the presentence report as sufficient to enter the guilty plea. See United States v. Kellam, 568 F.3d 125, 139 (4th Cir.) (stating elements of offense), cert. denied, 130 S. Ct. 657 (2009). Moreover, our review of the plea hearing transcript reveals no deficiencies in the colloquy conducted by the magistrate judge. Therefore, the district court did not err in finding Pearson's guilty plea knowing and voluntary.

Finally, counsel argues that the district court erred in sentencing Pearson to 108 months' imprisonment, stating that Pearson should have received a lower sentence based on her substantial assistance to the Government. After granting the Government's substantial assistance motion and accepting the Government's recommendation regarding the extent of the departure, the district court departed downward and sentenced

4

Pearson below the applicable statutory mandatory minimum sentence based upon the circumstances of Pearson's case. The district court was under no obligation to further depart based on the Government's motion. To the extent Pearson appeals the sufficiency and extent of the departure simply because of her dissatisfaction with it, we do not have jurisdiction to consider that claim. United States v. Brewer, 520 F.3d 367, 371 (4th Cir. 2008); United States v. Hill, 70 F.3d 321, 324 (4th Cir. 1995).

In accordance with Anders, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Pearson, in writing, of her right to petition the Supreme Court of the United States for further review. If Pearson requests that a petition be filed, but counsel believes that such a petition would be frivolous, counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Pearson. We dispense with oral argument because the facts and legal conclusions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED