**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 10-4049**

_____

UNITED STATES OF AMERICA,

                    Plaintiff - Appellee,

          v.

DOMINGO FLORES-ARRELLANO,

                    Defendant - Appellant.

_____

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  Thomas D. Schroeder, District Judge.  (1:08-cr-00487-TDS-1)

_____

Submitted:  March 31, 2011            Decided:  April 4, 2011

_____

Before NIEMEYER, SHEDD, and AGEE, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

Milton B. Shoaf, Jr., Salisbury, North Carolina, for Appellant. Harry L. Hobgood, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Domingo Flores-Arrellano pleaded guilty to one count of conspiracy to distribute five kilograms or more of cocaine hydrochloride, in violation of 21 U.S.C. § 846 (2006), possession with intent to distribute 1000 grams or more of methamphetamine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A) (2006), and one count of possessing firearms in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(a)(1) (2006). The district court imposed a 184-month sentence. Counsel for Flores-Arrellano filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), certifying that there are no meritorious grounds for appeal, but questioning whether the district court fashioned a reasonable sentence in light of the substantial assistance Flores-Arrellano provided. Flores-Arrellano did not file a pro se supplemental brief. The Government elected not to file a brief. Finding no reversible error, we affirm.

A review of the record reveals no error in sentencing. When determining a sentence, the district court must calculate the appropriate advisory guidelines range and consider it in conjunction with the factors set forth in 18 U.S.C. § 3553(a) (2006). Gall v. United States, 552 U.S. 38, 49-50 (2007). Appellate review of a district court's imposition of a sentence, "whether inside, just outside, or significantly outside the

2

[g]uidelines range," is for abuse of discretion. Id. at 41. Sentences within the applicable guidelines range may be presumed by the appellate court to be reasonable. United States v. Pauley, 511 F.3d 468, 473 (4th Cir. 2007).

The district court followed the necessary procedural steps in sentencing Flores-Arrellano, appropriately treating the Sentencing Guidelines as advisory, properly calculating and considering the applicable Guidelines range, granting the Government's motion for a substantial assistance reduction under U.S. Sentencing Guidelines Manual § 5K1.1 (2009), and weighing the relevant § 3553(a) factors. The court provided sufficient reasoning for the below-Guidelines sentence.[*] We conclude that the district court did not abuse its discretion in imposing the chosen sentence.

In accordance with Anders, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Flores-Arrellano, in writing, of the right to petition the Supreme Court of the United States for further review. If Flores-Arrellano requests that a petition be

---

[*] To the extent that Flores-Arrellano challenges the sufficiency and extent of the departure simply because of his dissatisfaction with it, this court does not have jurisdiction to consider that claim. United States v. Hill, 70 F.3d 321, 324 (4th Cir. 1995).

filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on Flores-Arrellano.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

4