**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 11-4804**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

KEVIN ERIC CAMPBELL,

Defendant - Appellant.

Appeal from the United States District Court for the District of
South Carolina, at Florence.  Terry L. Wooten, District Judge.
(4:10-cr-01040-TLW-2)

Submitted:  March 29, 2012          Decided:  April 2, 2012

Before WILKINSON, KING, and KEENAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Kathy Price Elmore, ORR ELMORE & ERVIN, LLC, Florence, South
Carolina, for Appellant.   Arthur Bradley Parham, Assistant
United States Attorney, Florence, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Kevin Eric Campbell pled guilty to conspiracy to possess with intent to distribute 5 kilograms or more of cocaine and 280 grams or more of crack cocaine, in violation of 21 U.S.C.A. § 841(a)(1), (b)(1)(A) (West 1999 & Supp. 2011) and 21 U.S.C. § 846 (2006), and possession of firearms in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A) (2006). Campbell received a departure sentence of 120 months' imprisonment. Counsel for Campbell has filed this appeal pursuant to Anders v. California, 386 U.S. 738 (1967), certifying that there are no meritorious grounds for appeal. Although advised of his right to do so, Campbell has declined to file a pro se supplemental brief. The Government has not filed a response brief. For the reasons that follow, we affirm.

We have reviewed the transcript of Campbell's Fed. R. Crim. P. 11 hearing and conclude that Campbell's guilty plea was knowing and voluntary and supported by an independent basis in fact. We thus affirm Campbell's convictions.

We next consider the reasonableness of Campbell's sentence. When determining a sentence, the district court must calculate the appropriate advisory Guidelines range and consider it in conjunction with the factors set forth in 18 U.S.C. § 3553(a) (2006). Gall v. United States, 552 U.S. 38, 49–50

(2007). Appellate review of a district court's imposition of a sentence, "whether inside, just outside, or significantly outside the Guidelines range," is for abuse of discretion. Id. at 41.

The district court followed the necessary procedural steps in sentencing Campbell, appropriately treating the Sentencing Guidelines as advisory, properly calculating and considering the applicable Guidelines range, granting the Government's motion for a sentence below the statutory mandatory minimum, see 18 U.S.C. § 3553(e) (2006), and weighing the relevant § 3553(a) factors. The court provided sufficient reasoning for the departure sentence. Furthermore, the departure sentence, which reflects a 33% reduction in the statutory mandatory minimum sentence Campbell faced,[*] is substantively reasonable. We thus conclude that the district court did not abuse its discretion in imposing the chosen sentence.

---

[*] To the extent that Campbell may disagree with the extent of the departure, this court does not have jurisdiction to consider that claim. See 18 U.S.C. § 3742(a) (2006); United States v. Hill, 70 F.3d 321, 324 (4th Cir. 1995). Even after United States v. Booker, 543 U.S. 220 (2005), this court lacks the authority to review a court's decision to depart "unless the court failed to understand its authority to do so." United States v. Brewer, 520 F.3d 367, 371 (4th Cir. 2008). Clearly, the court was aware of its authority to depart.

In accordance with <u>Anders</u>, we have reviewed the entire record in this case and have found no meritorious issues for appeal. Accordingly, we affirm the district court's judgment. This court requires counsel inform Campbell, in writing, of his right to petition the Supreme Court of the United States for further review. If Campbell requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Campbell. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>